[No. 1509, July 30, 1913.]

STATE OF NEW MEXICO, Appellee, v. JOSE SANCHEZ y ARMIJO, Appellant.

SYLLABUS (BY THE COURT)

1. The admission in evidence of a confession by the accused is to be determined by the fact of whether the same was made freely and without hope of benefit to his cause.

P. 267

2. The judge, and as a preliminary without which no confession can go to a jury, determines, on testimony laid before him, both for and against, whether or not to admit the confession; the burden being on the prosecuting power that tenders it. His decision covers, besides the law, the fact, as to which it is not ordinarily to be disturbed or reviewed; and the jury can pass merely on the effect of the confession in evidence.

P. 268

3. The court may, even after it has admitted a confession

in evidence, rule it out if satisfied that the confession was
not free and voluntary, by subsequent evidence.

P. 268

4. If there be a conflict of evidence and the court is not
satisfied that the confession was voluntary, the confession
may be submitted to the jury, under instructions to disre-
gard it if upon all the evidence they believe it was involun-
tary.

P. 268

5. This Court will not review the discretion of the trial
court in the matter of permitting a child of tender years to
be sworn, as a witness, under the provisions of sec. 3016,
Comp. Laws of 1897, except in a clear case of abuse of such
discretion.

P. 270

6. Exceptions to the decisions of the court upon any mat-
ter of law arising during the progress of a cause must be
taken at the time of such decision and no exceptions shall
be taken in any appeal to any proceeding in a District Court
except such as shall have been expressly decided in that
court.

P. 271

Appeal from the District Court of Socorro County;
Merritt C. Mechem, District Judge; affirmed.

ELFEGO BACA, MANN & VENABLE, Albuquerque, N. M.,
for appellant.

Court erred in permitting the alleged statements of ap-
pellant before the coroner's jury to be used in evidence
against him in the trial for murder. Const., Bill of
Rights, sec. 15; Hendrickson v. People, 10 N. Y. 13, 61
Am. Dec. 721; People v. McMahon, 15 N. Y. 384; Peo-
ple v. Mondon, 103 N. Y. 211, 57 Am. Rep. 709; Adams
v. State, 129 Ga. 248, 58 S. E. 822, 17 L. R. A. (N. S.)

468; Tuttle v. People, 33 Colo. 243, 70 L. R. A. 33; Counselman v. Hitchcock, 142 U. S. 547, 35 L. Ed. 1110; Emery's case, 107 Mass. 172, 9 Am. Rep. 22; State v. Simmons Hardw. Co., 109 Mo. 118, 15 L. R. A. 676, 18 S. W. 1125; State v. Speis, 86 N. C. 600; State v. O'Brien, 43 Pac. 1091; State v. Clifford, 86 Ia. 550, 41 Am. St. R. 518; 3 Am. & E. Enc. L. 488; Wharton's Crim. Ex., sec. 668-9; State v. Mathews, 66 N. C. 106; State v. Rorie, 74 N. C. 148; 1 Greenl. on Ev., secs. 225-6 and notes; Wood v. State, 22 Tex. App. 431, 3 S. W. 336; 2 Best on Ev., sec. 557; State v. Young, 60 N. C. 126; Clough v. State, 7 Neb. 320; Schoeffler v. State, 3 Wis. 823; Farkas v. State, 60 Miss. 847; State v. Young, 119 Mo. 495, 24 S. W. 1038; Com. v. Rockwell, 19 Pa. Co. Court, 631; Twiggs v. State, 75 S. W. 531; Bram v. U. S. 168, U. S. 533, 42 L. Ed. 568; 1 Wigmore on Ev., extensive note to sec. 852.

Tests by which such evidence is to be judged as to its admissibility. Territory v. Emilio, 14 N. M. 147; Wigmore on Ev., sec. 822; 3 Enc. Ev. 328.

Rule not restricted to actual cases or trials before a petit jury. Counselman v. Hitchcock, 142 U. S. 547, 35 L. E. 1110.

Coroner's inquest was in fact a preliminary examination. C. L. 1897, secs. 3373 to 3377.

Threats vitiate a confession. 1 Wigmore on Ev., sec. 833.

Court erred in admitting the testimony of Miguel Castillo because he was incapable of understanding the sanctity of an oath. 1 Greenleaf on Ev. (16 Ed.), sec. 367.

Court erred in refusing instructions as to the right of a traveler to carry arms even in a settlement through which he was passing. 32 Cyc. 1249; 6 Words & Phrases, 5813, and cases cited.

HARRY S. CLANCY, Assistant Attorney General, Santa Fe, N. M., for appellee.

Court did not err in admitting the statement made by appellant. Bram v. United States, 168 U. S. 432; Wilson v. United States, 162 U. S. 624.

Question should be left to the jury whether the confession was voluntary or involuntary. Commonwealth v. Preece, 140 Mass. 267; People v. Howes, 81 Mich. 396; Thomas v. State, 84 Ga. 613; Hardy v. United States, 3 Dist. Col. App. 35.

Court did not err in admitting the testimony of Miguel Castillo. C. L. 1897, sec. 3016.

No reversible error in court's failure to give requested instructions because no exception taken upon court's refusal. State v. Lucero, 17 N. M. 484; State v. Eaker, 17 N. M. 379; Laws 1907, ch. 57, sec. 37.

### STATEMENT OF FACTS.

The appellant was indicted, tried and convicted at the March, 1912, term of the District Court of Socorro County, of the crime of murder in the second degree, and sentenced to a term of fifty years in the penitentiary at hard labor.

Immediately after the homicide the appellant surrendered himself to a Justice of the Peace, stating that he had killed the deceased in self-defense. He was shortly, thereafter, taken before a coroner's jury, where he responded to certain questions addressed to him concerning the homicide, the admission in evidence of these statements by him presenting the principal question raised upon this appeal. There is no denial of the homicide, but the defense urged was solely one of self defense.

### OPINION OF THE COURT.

HANNA, J.—The first error assigned by appellant, is that the trial court erred in permitting the alleged statements of appellant before a coroner's jury to be used in evidence against him in the trial for murder.

The statements were made before the coroner and jury at an official investigation of the cause of the homicide; the appellant was under arrest at the time, and taken to the inquest by an officer who had him in custody; he was questioned by the coroner and members of the jury as to his connection with the homicide; it does not appear that he was permitted to consult counsel, or that he was warned

that his statements might be used against him; appellant knew that he was under arrest charged with the murder of deceased, and testified at the trial that the officer having him in custody had threatened his life if he did not make the statements; and, that the officer, his father-in-law, remained in the room and in hearing when the statements were made. Appellant further testified, upon his cross-examination, that neither the Justice of the Peace nor any member of the jury threatened him, but that "They were all very mad" and that he thought it would allay their anger to make the statements he did.

The appellant had surrendered, after the homicide, to the Justice of the Peace and was shortly taken before the coroner's jury. The answers of the accused were more in the nature of an attempted justification of his act, on the ground of self defense, than a confession of the crime charged.

His testimony as to the alleged threat of his father-in-law was flatly contradicted by the witness Aragon, the father-in-law, as was also his testimony concerning the attitude of the jury toward him, which was contradicted by several members of the coroner's jury.

A careful examination of the entire record fails to disclose any inducement, offered by anyone, for the making of the alleged confession and the only element of fear that may enter into the question is the disputed fact of the alleged threat by the father-in-law. The Justice of the Peace, acting as coroner, testified that the statements made by appellant at the time of the inquest were voluntary.

While the witness, Gregorio Garcia, was testifying, he being the person who reduced to writing the statement made by appellant, objection was made to his testifying, concerning such statement, upon the ground that the coroner had no right to question the appellant, and upon the further ground that it had not been shown that the coroner's jury had been duly impaneled. This objection, in our opinion, was not sufficient to raise the point that this confession was an involuntary one.

The fundamental principle of exclusion of confessions,

State v. Armijo, 18 N. M. 262.

as laid down in the Emilio case, 14 N. M. 156, is that
**1** they are to be excluded when induced by threats or
promises, hope or fear, because, under the circumstances, the temptation to speak falsely is so great as to
render the statement entirely untrustworthy.

We do not consider that the present case falls within
this rule. The only inducement hinted at in the present
case is the alleged threat of the father-in-law, which was
contradicted and quite evidently not believed by the jury.
It was purely a question of fact and disposed of by the
jury.

The second principle of exclusion of confessions, as set
forth in the opinion of Mr. Justice Parker, in the Emilio
case, is:

"That that portion of the fifth amendment to the Constitution of the United States which provides that no person 'shall be compelled in any criminal case to be a witness against himself,' excludes involuntary confessions."

The present case differs from the Emilio case in that
the accused was questioned by the coroner, while in the
Emilio case he began to talk of his own volition. Was the
appellant compelled to bear witness against himself?

We are not unmindful of the fact that when the witness, Matta, the Justice of the Peace, was asked what the
appellant said before the coroner's jury, objection was
made, by counsel for appellant, that it should first be determined by the court whether the statement was voluntary. The witness had previously testified that he had
offered no inducement or promise in connection with the
statement and that the same was voluntary.

The District Court ruled that the statement, up to that
time, appeared to be voluntary, and permitted the witness
to testify concerning the statement. The appellant, at
this time, made no offer to show that the statement was
involuntary, and we think it was incumbent upon him to
do so before he can predicate error upon the action of the
trial judge in admitting the testimony in the light of his
information at that time.

The rule, in this regard, as enunciated by Mr. Bishop,

in vol. 1, New Crim. Proc., sec. 1220, meets with our full approval and we believe it to be decisive upon the question. It is as follows:

"Sec. 1220. The Judge * * * * , and as a preliminary without which no confession can go to a jury, determines, on testimony laid before him, both for and against, whether or not to admit the particular one; the burden being on the prosecuting power that tenders the confession. His decision covers, besides the law, the fact, as to which it is not ordinarily to be disturbed or reviewed, and the jury can pass merely on the effect of the confession in evidence."

We agree with this rule as laid down by Mr. Bishop and while counsel for appellant was correct in stating that it was the duty of the trial court to pass upon the voluntary character of the confession before submitting it to the jury, yet, as stated by the trial court, up to that point the statement appeared to be voluntary, positive evidence to that effect had been introduced and the appellant offered no evidence tending to challenge the voluntary character of the alleged confession. Therefore, we think the court committed no error in admitting the confession in view of the evidence then before the court.

Subsequently in the course of the trial the defendant testified concerning the alleged threat of his father-in-law, and for the first time, by way of evidence, the defendant challenged the voluntary character of his alleged confession. It is sufficient to meet this condition, thus developed, to say that the Court may, even after it has admitted a confession in evidence, rule it out if satisfied by subsequent evidence that the confession was not free and voluntary.

Metzger v. State, 18 Fla. 481; Briscoe v. State, 67 Md. 6; Ellis v. State, 65 Miss. 44, 7 Am. State Rep. 634.

We are also of the opinion that if there be a conflict of evidence and the Court is not satisfied that the confession was voluntary, the confession may be submitted to the jury, under instructions to disregard it if, upon all the evidence, they believe it was involuntary.

State v. Armijo, 18 N. M. 262.

12 Cyc. 482, and cases there cited; also Wilson v. United States, 162 U. S. 613-624.

There was a conflict of evidence in this respect, in the present case now under consideration, and the trial judge submitted the question to the jury in his instructions No. 25, which we quote in full:

"In order that the statements made by the defendant before the coroner's jury can'be taken as evidence against him, the jury must believe such statements to have been voluntarily made. If the defendant made such statements by reason of the slightest hope of benefit or the remotest fear of injury, then such statements were not voluntarily made, and if you shall believe that the defendant did not make such statements, voluntarily, you will not, in arriving at your verdict, take into consideration such statements as evidence against him; but on the other hand, if you believe such statements were voluntarily made, then you will give them such weight as evidence as you may believe them entitled to."

By this submission of the question to the jury, the trial court was within its rights and the right of the defendant was fully preserved. It might well be questioned that the alleged confession was voluntary, but it was a question, as it finally developed, for the jury and was properly left to the jury in view of the conflict in the evidence as to its character.

We therefore conclude that the first assignment of error is not well taken.

The next alleged error complained of is that the Court erred in admitting the testimony of Miguel Castillo, upon the ground that he did not understand the nature of an oath. The witness was a boy, fifteen years of age, apparently ignorant and illiterate. It is argued by counsel for appellant that his answer to the following question, viz:

"Q. Do you understand that God will punish you if you do not tell the truth? A. Probably, yes."
was a slender thread upon which to predicate the competency of this witness' testimony. We agree with the At-

torney General that sec. 3016, C. L. 1897, is controlling upon this question; this section is as follows:

"Sec. 3016. Hereafter in the courts of this Territory no person offered as a witness shall be disqualified to give evidence on account of any disqualifications known to the common law, but all · such common law disqualifications may be shown for the purpose of affecting the credibility of any such witness and for no other purpose: *Provided,* however, that the presiding judge, in his discretion, may refuse to permit a child of tender years to be sworn, if, in the opinion of the judge, such child has not sufficient mental capacity to understand the nature and obligation of an oath."

The trial court had an opportunity to examine this witness and observe his demeanor, and could judge his mental capacity from his manner of testifying. This Court could not intelligently review the discretion of the trial judge in the matter of question as to whether a child of tender years possesses sufficient mental capacity to understand the nature and obligation of an oath.

The legislature, in its wisdom, has vested the trial court with a discretion in such matters, which will not be reviewed, by this Court, except for a gross abuse of such discretion. This assignment is, therefore, not well taken.

The only remaining error complained of is based upon the refusal of the Court to give instructions numbered 18, 26, and 27, asked for by defendant.

While we are of the opinion that the refusal to give these instructions worked no injury to the defendant, the question of error is disposed of by the fact that no exception was taken by the defendant, to the refusal of the Court to give either of said instructions.

In the recent cases of State v. Lucero, 131 Pac. 491, and State v. Eaker, 131 Pac. 489, we held that the correctness of and instructions given by the trial court will not be reviewed by this Court unless objection is interposed to the giving of such an instruction, and the same principle

applied to both cases. This assignment of error is fully disposed of by sec. 37, chap. 57, Session Laws of 1907, which provides that exceptions to the decisions of the Court upon any matter of law arising during the progress of a cause, must be taken at the time of such decision and no exceptions shall be taken in any appeal to any proceeding in a District Court except such as shall have been expressly decided in that Court.

Finding no reversible error in the record, the judgment of the District Court is affirmed.

---

### OPINION OF THE COURT ON REHEARING.

HANNA, J.—A rehearing of this cause was granted, upon the question as to whether or not appellant had been deprived of his constitutional right, not to be "compelled to testify against himself in a criminal proceeding." The Court, upon a reconsideration of the case upon the motion for rehearing, entertained grave doubt as to the admissibility of the statements of the defendant, because of his having been called upon by the Justice of the Peace and ex-officio coroner to make a statement of the facts under which he took the life of the deceased, the defendant at the time being under arrest, charged with the crime, notwithstanding the fact that the Justice of the Peace testified that the statement had been voluntarily made, because such official qualified his statement by saying, "because I asked him the questions." In the argument, on rehearing, the question has been ably presented by the learned counsel for appellee, but upon a re-examination of the record in the case, we find that the question is not before the Court for consideration, and need not be determined, because the alleged error was not pointed out by appellant in his motion for new trial. The only specification of error in his motion for new trial, which could be considered as in any manner attempting to raise the question is the following:

"Because the Court erred in overruling each and every objection made by the defendant's counsel in the progress

of the trial when the witnesses were examined, to which counsel for defendant duly excepted."

This was not sufficient to call to the attention of the trial court, its alleged error in admitting in evidence the statement or confession of defendant, and under the rule announced in the case of State v. Eaker, 131 Pac. 489, decided at the present term of this Court, the question will not be considered by the Court.

For the reasons stated the former opinion will be adhered to, and it is so ordered.

SYLLABUS (BY THE COURT)

