[No. 3236.   Nov. 14, 1927.]

STATE v. EDWARDS.

[261 Pac. 806.]

M. B. Keator, of Tucumcari, and Patton & Patton, of Clovis, for appellant.

R. C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

BICKLEY, J.  Appellant, a man 63 years of age, charged with statutory rape upon one Helen brown, under

the age of 16 years, was tried by a jury, found guilty, and sentenced to serve from 25 to 30 years in the state penitentiary.

Counsel for appellant have contended that the evidence is insufficient to support the verdict when weighed in the scales of inherent probability, and that there is no corroboration of the testimony of the prosecutrix.

It is not necessary for us to decide this point. We may remark in passing, however, that the evidence produced by the state left much to be desired by way of convincingness. It is not necessary to detail the evidence here. In this kind of cases, the law wisely provides that the defendant may not be convicted upon the uncorroborated evidence of the prosecutrix alone. The defendant, owing to natural instincts and laudable sentiments on the part of the jury and the usual circumstances of isolation of the parties involved in the commission of the offense, is as a rule so disproportionately at the mercy of the prosecutrix's evidence that he should be given every legal right to maintain his innocence. The charge is easy to make and hard to disprove. The defendant denied the criminal act. Against the statement of the outrageous conduct of the appellant, as detailed in the evidence of the prosecutrix, appellant's denial might have been of little worth. These observations are preliminary to a consideration of the second ground relied upon by appellant for reversal, which is that:

"The court erred in refusing defendant's tender of evidence, showing that prosecutrix had had intercourse other than with appellant."

Before the conclusion of the evidence on behalf of appellant, the following tender was made by appellant, and the following proceeding had:

"Mr. Patton: Comes the defendant and tenders the testimony of Mrs. Haegler, a witness who would testify that she resides in Tucumcari, Quay county, N. M., and has resided here for a number of years, and is acquainted with the prosecuting witness, Helen Brown, and that she detected and saw said prosecuting witness, Helen Brown, in the act of sexual intercourse with a male person other than the defendant, Jim Edwards.

"Mr. Compton: To which we object for the reason it is incompetent and immaterial, and, the charge being statutory rape, it is not in any way material.

"The Court: The charge against the defendant is one of statutory rape in which the chastity or lack of chastity of the prosecutrix is not involved. The only purpose that such testimony could be received in evidence would be to reflect upon the credibility of the witness by way of impeachment, and no direct questions were propounded to the witness on cross-examination which in the course of time would lay sufficient foundation for impeachment on such a point; only general interrogatories being propounded, and no specific act being pointed out in the cross-examination of the witness. It not being sufficient for impeachment purpose or for the purpose of reflecting on the credibility of the witness, the court will deny the tender.

"Mr. Patton: Exception."

The court was doubtless correct in the statement of the law as contained in his ruling, but the court apparently overlooked the purport and purpose of the evidence tendered. It was the position of appellant, fairly indicated at the trial, that the issue of pregnancy of the prosecutrix was immaterial unless it be first shown that the defendant was responsible for her condition. The court apparently agreed with this. Prosecutrix, was asked by the district attorney:

"You may state whether or not you are now the mother of a baby."

This being answered in the affirmative, defendant's counsel objected and moved to strike out the answer as being introduced out of proper order. The court sustained the objection and struck the answer. Afterwards, when prosecutrix testified that she had never had sexual intercourse with any one other than the defendant, she was permitted to testify, over the objection of defendant, that she was pregnant at a certain date subsequent to her sexual relations with defendant, and later, over objection of defendant, the prosecutrix testified that the defendant was the father of her child. So, it appears that the prosecution itself, by showing pregnancy of the prosecutrix and the paternity of the child, vouched for the materiality of such evidence. We do not doubt its materiality as a circumstance corroborative of prosecutrix's testimony. It is relied upon by the Attorney General, appearing for the

state. In discussing the sufficiency of the evidence under the first point raised, he says:

"We believe there is sufficient corroboration of the story of the prosecutrix in the following facts, which were proved:

"(1) That appellant went to the home of the grandmother of the prosecutrix, to request the prosecutrix to come to his home and work for him. (2) That prosecutrix did go to appellant's home frequently. (3) That she became pregnant and finally gave birth to a child."

The doctrine seems to be well established that, where the state undertakes on direct examination, as was done here, to corroborate the testimony of the prosecutrix by testimony that she became pregnant as a result of sexual intercourse with the accused, then testimony introduced by him in rebuttal, tending to prove that another might have been the cause of such condition, is competent and relevant. A leading case is Fuller v. State (1922) 23 Ariz. 489, 205 P. 324. After stating the rule ordinarily applying to exclusion of evidence sought to be introduced, to show that the prosecutrix was sexually intimate with others than defendant, for reasons similar to those expressed by the trial court in the case at bar, the court proceeds:

"In the instant case, however, appellant was attempting to show that the child which was produced by the prosecutrix and referred to by her as the result of an act of intercourse had on June 29, 1920, with the accused, was in truth begotten by another man. Stated shortly and simply, he had a right to account for the result, i. e., the child, by showing that it was due to another cause, i. e., the sexual intercourse of another. His right to do this was coequal with the right of the state to support the allegation of rape by showing the outcome of the act. If appellant could show that he was not the father of the child directly charged to be his, it was most material to his defense, and he should be allowed to prove it by all relevant evidence. There is no dissent in the authorities from these propositions. State v. Mobley, 44 Wash. 549, 87 P. 815; State v. Apley, 25 N. D. 298, 141 N. W. 740, 48 L. R. A. (N. S.) 269, and note at page 276; People v. Flaherty, 79 Hun, 48, 29 N. Y. S. 641; Bice v. State, 37 Tex. Cr. R. 38, 38 S. W. 803; State v. Height, 117 Iowa, 650, 91 N. W. 935-940, 59 L. R. A. 437, 94 Am. St. Rep. 323; People v. Currie, 14 Cal. App. 67, 111 P. 108; State v. Bebb, 125 Iowa, 494, 101 N. W. 189: Parker v. State, 62 Tex. Cr. R. 64, 136 S.· W. 453. See, also, 22 R. C. L. § 45, p. 1211."

The Attorney General has attempted no criticism of this case cited by appellant, and, furthermore, we find that it

has since been cited with approval to the point involved here by the Supreme Courts of Colorado, Oklahoma, Utah, and Arkansas. See McDonald v. State (1922) 155 Ark. 142, 244 S. W. 20; O'Chiato v. People (1923) 73 Colo. 192, 214 P. 404; Chandler v. State (Okl. Cr. App. 1925) 236 P. 917; State v. Orton (Utah, 1927) 254 P. 1003. See, also, State v. Williams (1926) 161 La. 851, 109 So. 515.

Attention is called to the limitations of this doctrine as laid down in some of these later cases, to the effect that, in order that the testimony of intercourse of the prosecutrix with some person other than the defendant be competent, the question or the offer of proof must be definite and confined to about the time of the commission of the alleged crime and its application limited to rebutting the corroboration tending to be proved by pregnancy.

In the tender in the case at bar, the question propounded to the witness lacks one of the elements here suggested, but as no objection was made upon that ground, and as the court evidently thought the evidence tendered inadmissible on any theory, even if he had been limited in time, we treat it as though it were sufficient in form.

For the reasons stated, the case is reversed and remanded for a new trial, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.