329 P.2d 785

**STATE of New Mexico, Appellee,**

**v.**

**Dionicio J. ARMIJO, Appellant.**

**No. 6379.**

Supreme Court of New Mexico.

Sept. 5, 1958.

432

Mears & Mears, J. Fred Boone, Portales, for appellant.

Fred M. Standley, Atty. Gen., Hilton A. Dickson, Jr., and Robert F. Pyatt, Asst. Attys. Gen., for appellee.

SADLER, Justice.

The defendant as an appellant before this Court complains of a sentence imposed upon him by the district court of Roosevelt County, following his conviction of the crime of statutory rape upon a young girl, fourteen (14) years of age.

He first bases error on the refusal of the trial court to permit cross-examination by him of the prosecuting witness concerning prior acts of intercourse with other men. We see no error in this refusal. The offense charged was statutory rape as to which the previous chastity of the prosecuting witness ordinarily is immaterial. 44 Am.Jur. 959; 52 C.J. 1083, § 111; 75 C.J.S. Rape § 63, p. 537; State

v. Edwards, 33 N.M. 51, 261 P. 806; State v. Morrow, 158 Or. 412, 75 P.2d 737, 76 P.2d 971; Struna v. People, 121 Colo. 348, 215 P.2d 905. See, also, annotation, 65 A.L.R. 410, 425.

In State v. Morrow, supra, the court spoke on the subject discussed, as follows [158 Or. 412, 75 P.2d 745] :

"From State v. McKiel, 122 Or. 504, 259 P. 917, 918, we quote: 'Since the girl was under the age of consent and force is not an essential element of the crime, it is clear that this line of inquiry was not proper and had no relevancy to the issue. In some jurisdictions it is permitted, as affecting the credibility of the witness, but not so in this state. State v. Ogden, 39 Or. 195, 65 P. 449. The girl is not on trial, and it would be unfair to allow evidence of other specific acts of unchastity where there would be no opportunity to make any defense against such accusations.'

"In an annotation in 65 A.L.R. at page 425, the editor cites the decision just mentioned, and states: 'The courts of a majority of the jurisdictions accede to the view that the prosecuting witness, in a prosecution for statutory rape, cannot be cross-examined as to prior acts of sexual morality or levity of conduct on her part.'"

In State v. Edwards, supra, we sustained an exception to the aforesaid rule, where pregnancy of the prosecuting witness was shown and testimony that defendant was the father of her child was in evidence. There the testimony of prior sexual acts was held pertinent on rebuttal as tending to show "another might have been the cause of such condition," where limited to that purpose. [33 N.M. 51, 261 P. 807.] The court found no occasion, however, to find fault with the general rule as stated in the texts above cited and as well in the annotation in A.L.R., cited, supra.

Counsel for defendant seek to draw some comfort for their position by citing State v. Cruz, 34 N.M. 507, 285 P. 500. But it fails to give the needed support. The cases are quite different in their facts. There the prosecutrix was 26 years of age, had never been married and was asked on cross-examination whether she had given birth to a child some time before the offense charged against defendant. The case was brought squarely within the doctrine that the right to impeach on cross-examination by proof of specific acts of misconduct could not be denied, citing many New Mexico cases.

Here the sole reason advanced by defendant's counsel for admissibility of an answer to the inquiry whether the prosecuting witness had ever had intercourse prior to the act charged against him was on the issue of penetration. Except as tending to prove in its broader aspect that consent to the act charged had actually been given, an immaterial fact in statutory rape, if the trial court had permitted the inquiry, it would have proved quite pointless. The prosecutrix had already testified, unequivocally, to the fact of penetration and it must have seemed to the court without reason to permit a breach of the doctrine against proof of prior unchaste acts, if any such there were, upon the pretense of testing credibility on an issue about which there was no genuine controversy.

Next, it is complained by counsel for defendant that the court erred in declining to permit them to take the testimony of the defendant on the voluntary character of the confessions, out of the presence of the jury, while conducting the preliminary inquiry into the facts surrounding the procural of the confession for the purpose of testing its admissibility in evidence. In this contention, we think the defendant has pointed out error in the sentence imposed upon him calling for a reversal.

After a long and tiresome colloquy between the trial judge and counsel for defense, most of which took place out of the presence of the jury, and after the State, in the presence of the jury, already had established what may be taken as a prima facie case, the following tender was made on behalf of the defendant, to-wit:

"Mr. Boone: Comes now the defendant and with the respect to the

Court's ruling admitting into evidence these Exhibits, the Defendant will offer to prove that he was arrested on the night of July the 4th, 1957, and at the time he was arrested he was very intoxicated, he was told he was arrested for being drunk, that on the next morning, which would have been July the 5th, he was brought down into the office of either the District Attorney or the Sheriff and he was asked by the District Attorney or the Sheriff are you guilty or not guilty, he, thinking they had reference to the charge of drunkenness, said I am guilty, after which he was tendered a written statement which had not been explained to him theretofore by either the Sheriff or the District Attorney and told to sign. He would further offer to prove that at the time he signed this so called statement he was under the impression that he was pleading guilty or was stating that he was guilty of the offense of being drunk. He would further state that at no time was he advised of the charges of raping (name deleted) and that he never intended and never did admit guilt as to that offense, all of which the defendant would offer to prove with respect to the voluntary or involuntary nature of these statements."

The trial judge made his ruling in the following words:

"The Court: Again, the tender is overruled, he may do so on his case in chief if he wishes.

"Mr. Boone: Exception."

We have given to this fundamental question the consideration its importance demands and must announce as our deliberate judgment that the defendant possesses such right, if claimed.

In State v. Armijo, 18 N.M. 262, 135 P. 555, 556, we came so near deciding the exact question here presented, that it may not safely be disregarded as persuasive authority on the issue. True enough, in a short opinion on rehearing in the Armijo case, the court renewed its holding there was no error in admitting the confession because of the general nature of defendant's objection, nothing was said weakening in any way its pronouncement of the proper procedure at the preliminary hearing out of the presence of the jury. We there had this to say touching that matter:

"We are not unmindful of the fact that when the witness, Matta, the Justice of the Peace, was asked what the appellant said before the coroner's jury, objection was made, by counsel for appellant, that it should first be determined by the court whether the statement was voluntary. The witness had previously testified that he had offered no inducement or promise

in connection with the statement and that the same was voluntary. The district court ruled that the statement, up to that time, appeared to be voluntary, and permitted the witness to testify concerning the statement. The appellant, at this time, *made no offer to show that the statement was involuntary,* and we think it was incumbent upon him to do so before he can predicate error upon the action of the trial judge in admitting the testimony in the light of his information at that time.

"The *rule,* in this regard, as enunciated by Mr. Bishop, in vol. 1, New Crim.Proc., § 1220, *meets with our full approval, and we believe it to be decisive upon the question.* It is as follows:

" 'Sec. 1220. The judge, * * * and as a preliminary without which no confession can go to a jury, *determines,* on *testimony* laid before him, *both for and against,* whether or not to admit the particular one; the burden on the prosecuting power that tenders the confession. His decision covers, besides the law, the fact as to which it is not ordinarily to be disturbed or reviewed, and the jury can pass merely on the effect of the confession in evidence.'

"*We agree with this rule* as laid down by Mr. Bishop and while counsel for appellant was correct in stating that it was the *duty* of the trial court to *pass* upon the voluntary character of the confession before submitting it to the jury, yet, as stated by the trial court, up to that point the statement appeared to to be voluntary, positive evidence to that effect had been introduced, *and the appellant offered no evidence tending to challenge the voluntary character* of the alleged confession. Therefore, we think the court committed no error in admitting the confession, *in view of the evidence then before the court."* (Emphasis supplied.)

See, also, State v. Ascarate, 21 N.M. 191, 153 P. 1036; State v. Martinez, 30 N.M. 178, 191, 230 P. 379; Berry v. State, 4 Okl.Cr. 202, 111 P. 676, 31 L.R.A.,N.S., 849; Williams v. State, 93 Okl.Cr. 260, 226 P.2d 989.

It seems too plain for argument that when the judge stated, in rejecting defendant's tender of proof, there was no intention of denying defendant the right to testify by any ruling of his, adding: "He can testify, at least," he meant simply he could testify to the facts embraced within his tender when he presented himself as *a witness in his own defense.* This is the very thing about which counsel for defendant was complaining so bitterly throughout the endless colloquy between him and the judge, namely, that to do this was to compel him to take the stand in his own behalf to give his version of what transpired at the time

the purported confession was obtained from him, touching its voluntariness. He claimed that right, time and again, and the court refused him the right every time he asserted it.

Such is the fine point which every trial judge is called upon to resolve each time a confession is tendered in evidence, namely, may a defendant, as of right, demand to be heard, at the preliminary inquiry conducted by the judge out of the presence of the jury, even though he may be well satisfied from testimony of others, that a prima facie case of voluntariness has been established?

In resolving the question two highly prized rights of a defendant collide head on—one being that found in our State Constitution, Art. II, § 15, providing that "no person shall be compelled to testify against himself * * *" and the other the right to exclude from evidence against him supposed confessions extracted through fear, coercion, hope of reward, or other improper inducements. It is for this reason the courts have laid down the doctrine that before a confession may be admitted into evidence it should first be determined by the court, on an inquiry out of the presence of the jury, and as a preliminary matter, that the confession, *prima facie,* at least, possesses all the earmarks of voluntariness.

There exists, of course, the right of a defendant, should it appear from testimony introduced by him subesquent to taking the stand in his own behalf, or from other witnesses even though he does not take the stand, that the confession was involuntary, to have the court withdraw the same from the jury under a charge it is not to consider same. See, State v. Armijo, supra. Likewise, in some courts, the practice exists to permit an accused to take the stand in his own behalf at the trial and give testimony, limited to voluntariness of the confession. Summerville v. State, 207 Miss. 54, 41 So.2d 377. In this event, however, even though the confession is admitted and later withdrawn under a charge to disregard same, the jury has heard the same and, as a practical matter, the damage has been done. As said by this Court in State v. Foster, 25 N.M. 361, 183 P. 397, 398, 7 A.L.R. 417:

"There is no more convincing evidence to the ordinary man than a confession of guilt, and where a confession is admitted, under an instruction to the jury to determine whether it is voluntary or involuntary, and to consider it in the former case, or in the latter case to reject it, the probabilities are, unless the confession was extorted under circumstances calculated to arouse sympathy for the defendant, that the average jury will consume but little time in determining the question of whether the confession was voluntary or involuntary, but will in the great majority of cases say the prisoner has confessed, and therefore is guilty beyond a reasonable doubt."

Furthermore, for the defendant to take the stand and testify solely on the voluntariness of the confession, will·only magnify in the jury's mind the fact of defendant's unwillingness to testify in his own behalf under Const. Art. II, § 15.

Why do we make the foregoing statements: For this simple reason. Even though we might decline to sustain this claim of error, upon the ground the court had a broad discretion, once it felt a *prima facie* case of voluntariness had been established, to let the confession in evidence without hearing the defendant on the issue in the preliminary inquiry before him, absent the jury, would establish a dangerous precedent. We think, to hold otherwise and say the matter was simply one of uncontrolled discretion on the part of the trial judge would do this very thing.

■■ Mindful of the fact that when we speak aright, we are speaking for posterity, we think graver dangers are to be apprehended from holding this a matter of uncontrolled discretion on the part of the trial judge than can possibly result from declaring the defendant has a right to be heard, as of course, at the preliminary inquiry into the voluntariness of any purported confession. The trial judge erred when he declined to hear him. Any time, a defendant makes it known he has something to say touching the integrity of a confession claimed to have been made by him, however incredible it may appear to the trial court, the judge must hear him. He has no choice. In declining to do so, the court committed reversible error.

For the reason stated the judgment must be reversed and the cause remanded with a direction to the trial court to set aside its judgment and award the defendant a new trial.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SHILLINGLAW, J., concurs specially.

SHILLINGLAW, Justice (concurring specially).

In the preliminary investigation out of the presence of the jury, the following took place between the defense counsel and the court:

"Mr. Boone: If it please the Court, before we can determine whether this admission or confession is admissible I would like to call the Defendant to testify as to this statement and the conditions under which it was taken in order that the Court might determine whether it was a voluntary or involuntary, statement.

"The Court: If Counsel has objection to the tender that is made make your objection, otherwise the Jury will be

called back. *There will be no examination and cross examination of witnesses in the nature of exploration in the absence of the Jury.* If you have an objection to make make it.

"Mr. Boone: Comes now the defendant and objects to the admission in evidence or any further testimony regarding this so called statement on the grounds that there is no proper showing that it was voluntarily made and therefore it is not admissible, and with respect to that motion it is again requested that the defendant himself be allowed to take the stand and testify as to the conditions and circumstances under which he signed a statement, which we feel would assist the Court in determining whether this statement made was voluntary or involuntary, he has that right in that respect.

"The Court: The objection is overruled.

"Mr. Boone: Exception." (Emphasis mine.)

At this stage of the preliminary investigation, the defendant amply invoked the ruling of the court. It was reversible error of the court to refuse to hear the defendant in this preliminary investigation.

I think that the defense should be required to make its objection to the judge at this stage of the proceeding. If the defense fails to offer its testimony to the court at this preliminary hearing, I do not think that it should be permitted later, during the state's case, to offer the testimony of the defendant or other witnesses denying the voluntariness of the confession. If the opinion holds otherwise then I disagree. Naturally the defense may do so after the state rests.