This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 29,863**

**JEFF GUTHRIE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant Jeff Guthrie pleaded no contest to one count of fourth-degree

criminal sexual penetration (child thirteen to sixteen) (CSP IV), contrary to NMSA 1978, Section 30-9-11(G)(1) (2007) (amended 2009). In the plea agreement, Guthrie reserved the right to appeal the district court's order granting the State's motion in limine to exclude evidence of the past sexual conduct of S.M. (Victim). On appeal, Guthrie argues the district court abused its discretion in excluding evidence that Victim had a ten-month-old child pursuant to New Mexico's rape shield statute. We affirm the district court.

**BACKGROUND**

Guthrie was charged with three counts of CSP IV, contrary to Section 30-9-11(G)(1). At the time the charged acts allegedly occurred, Guthrie was thirty-five years old, and Victim was fifteen years old.

The State filed a motion in limine to exclude evidence or testimony regarding Victim's past sexual conduct pursuant to NMSA 1978, Section 30-9-16(A) (1993), and Rule 11-413(A) NMRA. During an in camera hearing, the State argued that the district court should exclude any evidence or testimony that Victim had a ten-month-old child at the time the alleged acts occurred. The State argued that the fact that Victim had a child was indicative of past sexual conduct and that it was required to be excluded under Rule 11-413(A) absent a written motion by Guthrie demonstrating that (1) the testimony is relevant and material, and (2) its probative value outweighs

its prejudicial impact.

Guthrie responded that the fact that Victim had a ten-month-old child at the time the alleged acts occurred supported his mistake of fact defense. Specifically, Guthrie argued that he believed Victim was seventeen years old because Victim told Guthrie and other persons that she was seventeen years old, Victim had a ten-month-old child, and Victim behaved as if she was seventeen years old. Guthrie asserted that the purpose of the evidence was not to inflame the jury by showing that Victim was promiscuous but to support Guthrie's mistake of fact defense.

The State countered that Guthrie could still argue his mistake of fact defense even without evidence that Victim had a child. The State further asserted that evidence of Victim's first child was not relevant and that it would inflame the jury by showing that because Victim had a child when she was fifteen years old, Victim was sexually promiscuous and had bad morals and conduct. The State clarified that Victim had two children, one child who was ten months old at the time of the alleged incident and a second child as a result of the alleged acts. The State argued that evidence of Victim's second child was relevant and admissible because the child was allegedly the result of the charged acts, but evidence of Victim's first child was irrelevant and inadmissible.

The district court ordered that evidence of Victim's first child would be

3

excluded because the prejudicial effect of the evidence outweighed any probative value. The court further reasoned that evidence of Victim's first child was not clearly presented as relevant to the case. However, the court ruled that evidence of Victim's second child, who was allegedly fathered by Guthrie, was admissible. The district court further clarified that Guthrie would have certainly been allowed to present his mistake of fact defense had the case proceeded to trial and that its ruling only affected a portion of that defense.

Guthrie subsequently entered a plea agreement and reserved his right to appeal the district court's ruling on the State's motion in limine. The district court entered a written order granting the State's motion to exclude evidence of Victim's past sexual conduct, and Guthrie appealed.

**DISCUSSION**

On appeal, Guthrie argues the district court erred in excluding evidence that Victim had a ten-month-old child at the time the alleged acts occurred because the evidence was relevant to Guthrie's mistake of fact defense, and the probative value of the evidence outweighed its prejudicial impact. Additionally, Guthrie argues that the district court's order excluding evidence of Victim's first child denied Guthrie his right to present a defense.

**Standard of Review**

"A district court's decision to exclude evidence of a victim's prior sexual conduct is reviewed for abuse of discretion." *State v. Stephen F.*, 2008-NMSC-037, ¶ 8, 144 N.M. 360, 188 P.3d 84. "We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Casillas*, 2009-NMCA-034, ¶ 24, 145 N.M. 783, 205 P.3d 830 (internal quotation marks and citation omitted). We will not reverse a district court's determination regarding the admissibility of evidence absent a clear abuse of discretion. *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

**Exclusion of Past Sexual Conduct**

Rule 11-413(A) provides that "evidence of the victim's past sexual conduct, opinion evidence thereof or of reputation for past sexual conduct shall not be admitted unless, and only to the extent," that the district court makes the following findings: (1) "evidence of the victim's past sexual conduct is material and relevant to the case," and (2) "its inflammatory or prejudicial nature does not outweigh its probative value." Rule 11-413(A); *see* § 30-9-16(A). Our Supreme Court has suggested the following five factors to assist the district court in determining the admissibility of a victim's past sexual conduct:

> (1) whether there is a clear showing that the complainant committed the prior acts;

5

      (2)  whether the circumstances of the prior acts closely resemble those of the present case;

      (3)  whether the prior acts are clearly relevant to a material issue, such as identity, intent, or bias;

      (4)  whether the evidence is necessary to the defendant's case; and

      (5)  whether the probative value of the evidence outweighs its prejudicial effect.

*Stephen F.*, 2008-NMSC-037, ¶ 8 (internal quotation marks and citation omitted). However, our Supreme Court clarified that in adopting the five factors, it "did not intend to limit the [district] courts in the exercise of discretion under the rule and statute, but rather to suggest a possible framework for exercising that discretion." *Id.* (internal quotation marks and citation omitted). Furthermore, the district court must determine the admissibility of past sexual conduct under Rule 11-413 on a case-by-case basis. *State v. Payton*, 2007-NMCA-110, ¶ 7, 142 N.M. 385, 165 P.3d 1161.

      Initially, we note that Guthrie does not provide argument and authority on appeal that the existence of a child does not constitute "sexual conduct" under Rule 11-413(A) and Section 30-9-16(A) or that our rape shield law is inapplicable. Instead, Guthrie analyzes whether evidence of Victim's child is admissible pursuant to Rule 11-413(A) and Section 30-9-16(A). This Court will not address issues unsupported by argument and authority. *State v. Torres*, 2005-NMCA-070, ¶ 34, 137 N.M. 607, 113 P.3d 877. Accordingly, we do not address whether the district court erred in

6

concluding that the existence of a child constitutes evidence of sexual conduct under Rule 11-413(A) and Section 30-9-16(A).

Guthrie argues that he satisfied each of the five factors for weighing the admissibility of sexual conduct. *See Stephen F.*, 2008-NMSC-037, ¶ 8. In analyzing the first two factors, Guthrie argues that the existence of Victim's first child establishes both that Victim committed the prior act and that the circumstances of the prior act closely resemble those of the present case. The State does not dispute that the first factor was satisfied, and we agree that the existence of Victim's child established that Victim committed the prior act. However, Guthrie's only argument as to whether the circumstances resulting in the existence of Victim's first child closely resemble those of the present case was that a child resulted from both the prior and presently charged acts. Furthermore, the parties have not presented any additional argument or evidence regarding the similarity of the two acts. Consequently, we conclude that the circumstances resulting in Victim's first child are not relevant to Guthrie's defense that he believed that Victim was seventeen years old based in part on the fact that she had a child. As a result, the second factor does not apply in this case. *See id.* ¶ 12 (concluding that the second factor did not apply where the circumstances underlying the prior act were irrelevant to the defendant's theory).

Regarding the third factor, Guthrie contends that the existence of Victim's first

child is relevant and material to the element of intent. Specifically, Guthrie argues that the existence of Victim's first child supported Guthrie's defense that he reasonably believed that Victim was seventeen years old and of legal age to engage in sexual relations. Guthrie further contends that the existence of Victim's child made it more probable that Victim's claim that she was seventeen years old was true. *See* Rule 11-401 NMRA (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). The State asserts, however, that even under the common law rule, our Supreme Court viewed a minor victim's prior sexual activity as immaterial in statutory rape proceedings. *See State v. Armijo*, 64 N.M. 431, 432, 329 P.2d 785, 785 (1958) (stating that the previous chastity of the alleged victim is ordinarily immaterial in statutory rape proceedings). The State further contends that the only requirement for having a child is sexual maturity and that a person may be under the age of sixteen years old and still have a child.

"It is within the discretion of the [district] court to evaluate the relevance of evidence." *State v. Duffy*, 1998-NMSC-014, ¶ 31, 126 N.M. 132, 967 P.2d 807, *modified on other grounds by State v. Gallegos,* 2007-NMSC-007, ¶ 17, 141 N.M. 185, 152 P.3d 828. Furthermore, the defendant bears the burden under Rule 11-

413(A) of "establish[ing] a valid theory of relevance and . . . support[ing] that theory with adequate facts showing a nexus between his proffered evidence and his theory." *Stephen F.*, 2008-NMSC-037, ¶ 36. The district court specifically requested that Guthrie explain the nexus between the existence of Victim's child and his mistake of fact defense. In response, Guthrie asserted that he believed Victim's claim that she was seventeen years old based in part upon the existence of her ten-month-old child, but he did not provide additional facts or argument to explain the nexus between the evidence and his theory. As a result, we conclude that the district court did not abuse its discretion in concluding that Guthrie failed to clearly demonstrate the relevance of the existence of Victim's first child to his defense that he reasonably believed that Victim was seventeen years old, rather than sixteen years old or younger.

Regarding the fourth factor, Guthrie argues that the existence of Victim's first child was necessary to his mistake of fact defense. We disagree. Guthrie argued below that based upon his pretrial interviews, Victim would have testified at trial that she told Guthrie and several other people that she was seventeen years old. Guthrie further asserted that he would have testified that he believed that Victim was of legal age to engage in sexual intercourse based upon Victim's attitude, demeanor, and actions; Victim's statement to Guthrie that she was seventeen; Victim's statements to other specifically identified persons that she was seventeen; and the existence of her

ten-month-old child. Furthermore, the district court reasoned that its ruling only affected a portion of Guthrie's mistake of fact defense and that Guthrie would have still been permitted to present other evidence supporting his mistake of fact defense had the case proceeded to trial. Based upon the availability of additional evidence in support of Guthrie's mistake of fact defense, we conclude that the district court did not abuse its discretion in determining that the existence of Victim's first child was not necessary to Guthrie's defense.

Finally, Guthrie argues that the inflammatory or prejudicial nature of the evidence of Victim's first child does not outweigh its probative value. "Determining whether the prejudicial impact of evidence outweighs its probative value is left to the discretion of the [district] court." *State v. Rojo*, 1999-NMSC-001, ¶ 48, 126 N.M. 438, 971 P.2d 829 (alteration omitted) (internal quotation marks and citation omitted). The district court has discretion to limit or exclude testimony regarding a victim's past sexual conduct "if the cross-examination is cumulative or only marginally relevant, or to protect against certain legitimate concerns, such as undue harassment, prejudice, or confusion of the issues[.]" *Stephen F.*, 2008-NMSC-037, ¶ 27 (internal quotation marks and citation omitted). However, the court's restriction on the testimony must not be arbitrary or a disproportionate balancing between a defendant's constitutional right of confrontation and the purposes of Rule 11-403(A) and Section 30-9-16(A) in

protecting victims from unwarranted intrusions on privacy. *See Stephen F.*, 2008-NMSC-037, ¶¶ 1, 27.

Given Guthrie's failure to clearly demonstrate the relevance of the evidence of Victim's first child, the availability of additional evidence supporting Guthrie's mistake of fact defense, and the State's concern that the evidence would inflame the jury against Victim by showing a propensity toward bad conduct and sexual promiscuity, we conclude that the district court did not abuse its discretion in determining that the evidence of Victim's first child was more prejudicial than probative. Under these circumstances, we cannot say that the district court's decision was arbitrary or a disproportionate balancing of the competing interests between Guthrie's constitutional right to confront the witnesses against him and the State's interest in protecting Victim from unwarranted intrusions on her privacy pursuant to Rule 11-413(A) and Section 30-9-16(A). *See Stephen F.*, 2008-NMSC-037, ¶¶ 1, 27. As a result, we affirm the district court's motion in limine to exclude evidence of Victim's first child pursuant to Rule 11-413(A) and Section 30-9-16(A).

**Right to Present a Defense**

Guthrie asserts that the district court's exclusion of evidence regarding Victim's first child denied him the right to present a mistake of fact defense. Guthrie relies upon *State v. Lucero* to argue that "a defendant is entitled to have his or her theory of

11

the case submitted to the jury under proper instructions where the evidence supports it." 1998-NMSC-044, ¶ 5, 126 N.M. 552, 972 P.2d 1143 (alteration omitted) (internal quotation marks and citation omitted). Specifically, Guthrie contends that the question of whether his mistake of fact was reasonable should have been a question for the jury.

We conclude that Guthrie's argument is not supported by the record. The district court clarified that Guthrie would have been allowed to present his mistake of fact defense had the case proceeded to trial and further clarified that its ruling only affected a portion of that defense. However, because Guthrie entered into a plea agreement, the district court did not issue a jury instruction regarding Guthrie's mistake of fact defense. As a result, we conclude that the district court did not deny Guthrie the right to present a mistake of fact defense.

**CONCLUSION**

For the foregoing reasons, we affirm the district court's order granting the State's motion in limine to exclude evidence of Victim's past sexual conduct.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

12

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**RODERICK T. KENNEDY, Judge**