Marshall SMALL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25353.

United States Court of Appeals
Fifth Circuit.

June 20, 1968.

Arturo C. Gonzalez, Del Rio, Tex., for appellant.

Ted Butler, Asst. U. S. Atty., Andrew L. Jefferson, Jr., Asst. U. S. Atty., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before GOLDBERG and CLAYTON, Circuit Judges, and HANNAY, District Judge.

PER CURIAM:

The appellant, Marshall Small, was tried by a jury and found guilty under an indictment charging him with viola-

tion of 18 U.S.C. § 1465.[1] The substance of the charge was that Small had transported in interstate commerce several film strips which were allegedly pornographic in content.

During the course of the trial, Small's counsel asked for the introduction of a signed statement given by Small to law enforcement officials. The statement purported to circumstantiate Small's defense that the films were purchased for his personal eroticism, rather than for resale in an underground market.

Although Small's statement clearly indicated that he acknowledged possession of the films and that certain segments of the community might label them salacious as opposed to artistic, his counsel sought to suppress the introduction of the films into evidence on the theory that they were obtained as the result of an illegal search and seizure. The Motion to Suppress, however, was submitted for the first time when the government offered the various reels for examination by an agent of the Federal Bureau of Investigation. The district court held that Small had not met the requirements of Rule 41(e) of the Fed-

eral Rules of Criminal Procedure[2] and consequently could not object to the admission of the films. We affirm.

The purpose of Rule 41(e) in requiring Motions to Suppress to be introduced prior to trial is to facilitate a uniform presentation of the facts and law to the jury with as few disruptive intervals as possible. Although the trial judge is free to exercise judicial discretion when a motion is offered for the first time during the trial where there would be obvious prejudice to the defendant, the granting of such a motion is disfavored where counsel was fully aware of the facts prior to trial and had ample opportunity to present the motion. Anderson v. United States, 5 Cir. 1966, 355 F.2d 928; Birdsell v. United States, 5 Cir. 1965, 346 F.2d 775, 782, cert. den., 382 U.S. 963, 86 S.Ct. 449, 15 L.Ed.2d 366; and Garcia v. United States, 5 Cir. 1963, 315 F.2d 133, 135–136, cert. den., 375 U.S. 855, 84 S.Ct. 117, 11 L. Ed.2d 82. Cf. Barba-Reyes v. United States, 9 Cir. 1967, 387 F.2d 91, 93, and United States v. Weldon, 2 Cir. 1967, 384 F.2d 772, 775. Without positing a rigid and absolute requirement that a Motion

---

1. § 1465. Transportation of obscene matters for sale or distribution

"Whoever knowingly transports in interstate or foreign commerce for the purpose of sale or distribution any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, cast, phonograph recording, electrical transcription or other article capable of producing sound or any other matter of indecent or immoral character, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

"The transportation as aforesaid of two or more copies of any publication or two or more of any article of the character described above, or a combined total of five such publications and articles, shall create a presumption that such publications or articles are intended for sale or distribution, but such presumption shall be rebuttable."

2. SEARCH AND SEIZURE—RULE 41
"(e) Motion for Return of Property and to Suppress Evidence.
A person aggrieved by an unlawful search and seizure may move the district court

for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that (1) the property was illegally seized without warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion to suppress evidence may also be made in the district where the trial is to be had. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

to Suppress be presented in limini, we hold that the trial court did not err in overruling the motion for the following reasons: (1) counsel had complete knowledge of the facts in ample time to present the motion prior to trial; (2) the delay was apparently part of counsel's trial stratagem; and (3) counsel invited any possible error when he asked for the introduction of the written statement, but did not object to several references to the film.

We find no merit in the other questions raised by the appellant.

Affirmed.