493 P.2d 959

STATE of New Mexico, Appellee,

v.

Thayalin COURTRIGHT, Appellant.

No. 749.

Court of Appeals of New Mexico.

Jan. 21, 1972.

Frank P. Dickson, Jr., Branch & Dickson, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Asst, Atty. Gen., Santa Fe, for appellee.

## OPINION

SUTIN, Judge.

This is an appeal from a conviction upon two counts of robbery while armed with a deadly weapon, to-wit, a pistol, § 40A–16–2 and § 40A–1–13, N.M.S.A.1953 (Repl.Vol. 6), and one count of aggravated battery, § 40A–3–5, N.M.S.A.1953 (Repl.Vol. 6 (Supp.1971)).

We affirm.

First, Courtright contends the trial court erred in admitting pre-trial oral statements made at the police station because he did not knowingly and intelligently waive his right to remain silent and to consult an attorney. The record shows that Courtright was warned of his rights and signed a waiver. Later he did not want to sign a written statement and stated he would wait until an attorney was present before he signed it. The trial court admitted the pre-trial oral statements in evidence. This was not error. The fact that defendant declined to sign a written statement did not make his oral statement inadmissible as a matter of law. State v. Lewis, 80 N.M. 274, 454 P.2d 360 (Ct.App. 1969); State v. Gutierrez, 79 N.M. 732, 449 P.2d 334 (Ct.App.1968). The evidence on which defendant relies in claiming a lack of waiver is contradicted. There is, however, substantial evidence that defendant knowingly and intelligently waived his rights. State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971).

Second, Courtright claims prejudicial error occurred in the admission in evidence of his wig which was seized from his car. He claims an unreasonable search

and seizure. The record shows that Courtright fled south from Albuquerque in an automobile after he robbed two businesses and fired upon and wounded a police officer. He was arrested at a filling station where his car was stopped, having just been involved in a collision with another automobile parked there. After the arrest, the automobile was removed to the police station in Albuquerque where it was thoroughly inspected without a search warrant. This search occurred around two hours after the arrest. The evidence is sufficient to show that the police officers had reasonable or probable cause to search the automobile at the place of arrest and, therefore, this right continued to a search at the police station shortly thereafter. The search was not remote. The evidence seized from the car was properly admitted. State v. Reyes, 81 N.M. 404, 467 P.2d 730 (1970); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

The judgment and conviction is affirmed.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.