495 P.2d 797

STATE of New Mexico, Plaintiff-Appellee,

v.

John Wesley PAUL, Defendant-Appellant.

No. 732.

Court of Appeals of New Mexico.

March 17, 1972.

**620**

Leon Taylor, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant was charged with attempted armed robbery and attempted murder. He was convicted of attempted armed robbery and acquitted of attempted murder. He appeals and we affirm.

The evidence when viewed in the light most favorable to support the verdict discloses the following: Defendant was the driver of a car stationed outside a liquor store and lounge, awaiting commission of an armed robbery by others. Three of defendant's companions went into the lounge. One of them then went into the liquor store, pulled a gun on the manager and told him to lie down behind the counter. A witness walked in from the lounge, saw the gun, started screaming, and ran out. The robbery was abandoned, and the companions fled in the getaway car driven by the defendant.

*Specific Intent.*

A. Defendant contends that " * * * it was erroneous and prejudicial * * * for the Trial Judge to give instructions of general intent without the inclusion of specific intent * * * in [the given] Instructions. * * * Since armed robbery requires the showing of specific, in addition to general, intent, and since attempt is an overt act done in furtherance of this specific intent without completion of the crime, these instructions were highly prejudicial in their effect. * * * "

Defendant's argument is based on the premise that since he was charged with being an accessory to the attempted act and where there was no evidence of a demand for money or goods, he was entitled to a specific intent instruction within the general intent instruction. We disagree.

The record reveals that a separate instruction on attempt was given as well as an instruction on armed robbery setting forth the requirement of "specific intent." Each instruction need not contain within its limit all the elements to be considered; instructions are sufficient if, considered as a whole, they fairly represent the issues and the applicable law. State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct.App.1970).

B. At the close of the State's case and at the close of all the evidence defendant moved for "a directed verdict of acquittal" on the grounds that the State failed to prove the requisite elements of attempted armed robbery because no demand for money was made and that there is no evidence that anyone was put in fear. We do not agree with defendant's view of the facts.

On appeal we view the evidence and all reasonable inferences that flow therefrom

in the light most favorable to support the verdict. State v. Sedillo, 82 N.M. 287, 480 P.2d 401 (Ct.App.1971). In so viewing the record, although there are conflicts, defendant's position is not substantiated. We find substantial evidence to support the verdict. Compare the factual situation here with the facts in State v. Powell, 6 N.C. App. 8, 169 S.E.2d 210 (1969) where the conviction of attempted armed robbery was affirmed.

### Statement of a Witness.

Statements had been made by certain co-defendants and because of these statements defendant and the State moved for and were granted a severance.

Defendant then called one of the severed defendants, Thompson, as a witness. Defendant brought out that Thompson made a statement. Thompson then testified that the statement was obtained by coercion. On cross-examination by the State, the statement was used to impeach Thompson's direct testimony. Subsequently, the statement was admitted into evidence under instruction of the court that "* * * the purpose and reason for the admission of this exhibit is impeachment of rebuttal against the witness who testified, Elmas Thompson, and that you are to consider the matters that are in contradiction and contrary to what he testified to here before."

Defendant contends the statement should not have been allowed into evidence and if it was allowed it should have been first subjected to a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) hearing to determine voluntariness and a cautionary instruction given. We disagree. Our answer to the claims are as follows.

A prior written statement or one reduced to writing may be used on cross-examination when a witness testifies inconsistent with such statement. Section 20–2–1, N.M. S.A. 1953 (Repl. Vol. 1970).

Jackson v. Denno, supra, is not applicable here. It requires a hearing to determine voluntariness of a confession of the accused

only, and not of a statement made by a witness.

The record does not show that defendant submitted a cautionary instruction in compliance with § 21–1–1–(51) (2) (h), N.M.S.A. 1953 (Repl. Vol. 1970). Failing this the issue cannot be first raised on appeal. See State v. Rodriguez, 81 N.M. 503, 469 P.2d 148 (1970).

### Witness Sequestration Rule.

At the beginning of the trial defendant moved that the witness sequestration rule be invoked. The State requested that a detective of the Albuquerque Police Department be permitted to remain during the course of the trial. Over defendant's objection the trial court granted the request.

It is defendant's contention that it was an abuse of discretion for the trial court to allow the detective to remain and that defendant was prejudiced thereby. Even assuming the trial court did abuse its discretion in permitting the officer to remain in the courtroom defendant has failed to show any prejudice. State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961). The detective's testimony related solely to the finding of a 20 gauge shotgun and a spent 20 gauge shotgun shell. This related only to the attempted murder charge of which defendant was acquitted.

### Severance of Charges.

Defendant contends his motion for severance of the attempted murder and attempted armed robbery charges should have been granted. He asserts that (a) the attempted murder charge received over-emphasis and poisoned the minds of the jury and (b) the two charges were not part of the same transaction. We disagree.

(a) Section 41–6–38, N.M.S.A. 1953 (Repl. Vol. 1964) states in part that an indictment shall not be invalid or insufficient because of a misjoinder of offenses charged unless it is affirmatively shown that the defendant was in fact prejudiced in his defense upon the merits. Defendant has failed to make an affirmative showing of

prejudice. State v. Sero, 82 N.M. 17, 474 P.2d 503 (Ct.App.1970).

(b) We need not reach this contention absent defendant's affirmative showing of prejudice, and absent facts which by the "very nature of things" would establish that defendant was prejudiced by joinder of the charges. State v. Sero, supra.

Affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.