500 P.2d 427

STATE of New Mexico, Plaintiff-Appellee,

v.

Dario Pete GURULE, Defendant-Appellant.
No. 856.

Court of Appeals of New Mexico.
July 28, 1972.

Patrick L. Chowning, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant, age seventeen at the time of the shooting, was tried as an adult on the charges of voluntary manslaughter (§ 40A–2–3, N.M.S.A.1953 (Repl.Vol. 1964)) and aggravated battery (§ 40A–3–5, N.M.S.A.1953 (Repl.Vol.1964, Supp.1971)). The jury returned a verdict of guilty of involuntary manslaughter and not guilty of aggravated battery. Defendant appeals asserting four points for reversal.

*Photographs.*

Three photographs were admitted into evidence. One showing the license number of the car in which defendant was apprehended; and the other two photographs showing the pistol in the car prior to its removal.

■ Defendant contends there was no testimony relating to the accuracy of the photographs nor did the State lay a foundation for their admission into evidence. We cannot agree. The officer who took the photographs stated that he took the photographs at the place and at the location he "saw it." Although the language used is not in the standard form (representative of what was seen) the reasonable inference from the foregoing is that the photographs were representative.

■ Even assuming there was a lack of proper foundation, we fail to see how the admission into evidence was prejudicial. Defendant admitted the shooting in self-defense. He told the police the gun was under the seat of the car and that he was driving the car with the license number which was photographed. State v. Vasquez, 83 N.M. 388, 492 P.2d 1005 (Ct.App.1971).

*Pistol.*

After the shooting defendant left in his car. "A couple of blocks" from the shooting he saw the police "going after me" and pulled over. The police removed defendant from the car and asked the location of the gun and "so I told him."

Defendant filed a pre-trial motion to suppress the admission of the pistol. The pistol was shown to the jury several times prior to its admission. It was first identified by the alleged victim of the aggravated battery as being the pistol which defendant had in his possession several hours prior to the shooting and also as the pistol with which defendant used to shoot him. Subsequently, it was identified by a police officer who took a picture of it under the seat of defendant's car, shortly after defendant's car was stopped following the shooting.

■ At the time of the offer into evidence of the pistol defendant objected on the grounds that the officers should have obtained a search warrant because the pistol was not in "plain view", the car was not going anywhere, it was not on a person or in the proximity of defendant at the time of his arrest.

Defendant relies on Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) for the proposition that the police can only search the automobile if the defendant is so close to it that he could obtain or destroy a weapon. Defendant asserts under our facts the police had ample time to obtain a search warrant.

We do not so read *Coolidge*. *Coolidge* did not change the law of a search of an automobile.[1] Here only a matter of minutes had elapsed from the time of the shooting. The police were called and told that a shooting was in progress. The police responding to the call were directed by friends of the alleged victim to the car of defendant. Defendant then got out of the car, was placed under arrest, and given his advice of rights. Defendant then stated he was sorry, "he didn't mean to shoot anyone." Upon being asked, defendant told the officers the gun was under the front seat of his car. The officer then found the gun under the defendant's front car seat.

1. See footnote 17.

The search was not remote in time. The police had probable cause for the arrest and the search and seizure. State v. Courtright, 83 N.M. 474, 493 P.2d 959 (Ct.App. 1972). There existed "exigent circumstances" to justify the warrantless search of the automobile. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), followed in Coolidge v. New Hampshire, supra, and State v. Courtright, supra.

*Confession.*

Defendant by pre-trial motion to suppress stated that the statements of defendant " . . . were the result of duress and were taken in violation of his constitutional rights. . . ." The record does not show a disposition of this motion. Defendant indicated during trial that a hearing should be held outside the presence of the jury concerning the voluntariness of the statements. The record does not indicate a hearing was held.

■ Defendant has a constitutional right to have a fair hearing and a reliable determination on the issue of voluntariness uninfluenced by the truth or falsity of the confession. State v. Gruender, 83 N.M. 327, 491 P.2d 1082 (Ct.App.1971); State v. Word, 80 N.M. 377, 456 P.2d 210 (Ct.App. 1969); see Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R. 3d 1205 (1964). As we stated in *Word*:

"When a defendant makes it known he has something to say touching the integrity of a claimed confession, however incredible as it may appear to the trial court, the defendant must be heard. . . ."

■ Since we affirm on all other issues we vacate the conviction and sentence pending a trial court determination on the issue of voluntariness of the confession. Should it be determined the confession was voluntary then defendant's conviction is to be reinstated. Should it be determined the confession was not voluntary then the trial court must award defendant

a new trial. See State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

*Substantial Evidence.*

Defendant contends there is no substantial evidence of the state of mind of the defendant during the firing of the shots. We disagree.

■ Defendant's own testimony stated when he first shot he did not intend to hit anyone but after he saw he hit Toby he got " . . . scared and shot him [David]." This testimony alone is sufficient for the jury to draw an inference of intent sufficient to sustain a conviction of voluntary manslaughter. State v. McLam, 82 N.M. 242, 478 P.2d 570 (Ct.App. 1970).

*Juror.*

■ Defendant challenged a juror for cause when the juror stated he would believe the testimony of a policeman over the testimony of a layman. The record shows defendant only exercised three of his five peremptory challenges. Section 41–10–3, N.M.S.A.1953 (Repl.Vol.1964). We fail to see any prejudice to the defendant. Even assuming prejudice, it was from defendant's choice not to exercise his remaining peremptory challenge. Compare State v. Burrus, 38 N.M. 462, 35 P.2d 285 (1934).

■ We note in passing that the index to the transcript is totally inaccurate and of no help or assistance in the review of this cause. The obligation lies with the Court Reporter to prepare an accurate record for appeal and with the appealing attorney to check for that accuracy.

All issues raised by defendant on appeal are affirmed except the issue relating to voluntariness of the confession. Because the trial court failed to grant a hearing on that issue, outside the presence of the jury, the cause is remanded with instructions to vacate the judgment, determine the question of voluntariness and otherwise proceed in a manner consistent with this opinion. Should a hearing on the issue of volun-

tariness not be held within 90 days from the date of our mandate the defendant is to be discharged.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.