545 P.2d 1028

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Leatch Allen HELKER, Defendant-Appellant.**

**No. 1798.**

Court of Appeals of New Mexico.

Dec. 2, 1975.

Certiorari Denied Jan. 7, 1976.

Joan M. Friedland, Morton S. Simon, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Ralph W. Muxlow, III, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant appeals a conviction of attempted rape, sodomy and aggravated burglary. He alleges four points for reversal which relate to: (1) lack of a full voluntariness hearing on a confession; (2) ineffective assistance of counsel; (3) commenting on defendant's failure to testify; and, (4) the unconstitutionality of the sodomy statute.

### Voluntariness Hearing

Defendant's trial attorney had known of the purported confession several months prior to trial. He did not file a motion to suppress within the time prescribed by R.Cr.P. 18, § 41–23–18, N.M.S.A. 1953 (2d Repl. Vol. 6, 1972, Supp. 1973). During the trial the state offered the confession into evidence. Defendant then requested a hearing be held out of the presence of the jury concerning voluntariness. The jury was excused and two police officers testified as to the voluntariness of the confession. Defendant extensively cross-examined the officers. The state then moved that the testimony and confession be presented to the jury. Defendant then moved to examine other witnesses as to whether the confession was voluntary. The motion was denied as untimely.

Defendant then moved to make an offer of proof as to the voluntary nature of this confession. The trial court granted the motion but defendant did not call any witnesses to make his offer of proof. Further, defendant did not testify at trial nor did he call any witnesses.

This court has clearly recognized that defendant has a constitutional right to have a fair hearing and a reliable determination on the issue of voluntariness. In *State v. Word*, 80 N.M. 377, 456 P.2d 210 (Ct.App.1969) this court stated:

"Defendant has the constitutional right at some stage in the proceeding to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness; a determination uninfluenced by the truth or falsity of the confession. *State v. Ortega,* 77 N.M. 7, 419 P.2d 219 (1966); *Pece v. Cox,* 74 N.M. 591, 396 P.2d 422 (1964); see *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964). When a defendant makes it known he has something to say touching the integrity of a claimed confession, however incredible as it may appear to the trial court, the defendant must be heard. The trial judge has no choice."

See *State v. Gurule,* 84 N.M. 142, 500 P.2d 427 (Ct.App.1972); and *State v. Gruender,* 83 N.M. 327, 491 P.2d 1082 (Ct.App.1971).

Subsequently, our Supreme Court adopted Rule 18(c), supra, which provides:

"(c) *Time for Filing.* A motion to suppress shall be made within twenty days after the entry of a plea, unless, upon good cause shown, the trial court waives the time requirement of this rule."

Defendant contends that rules of criminal procedure that set time limitations cannot deprive defendant of his constitutionally protected right to a voluntariness hearing.

18 U.S.C.A. § 41(e) (1961) was very similar to Rule 18. Prior Rule 41(e) provided in part:

". . . . The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant

**652**

was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

Although Rule 41, supra, has been amended, there is a long line of cases that have construed the effect of the prior Rule 41(e), supra. In *Small v. United States*, 396 F.2d 764 (5th Cir. 1968), the court upheld a trial court's denial of a motion to suppress evidence as untimely when the motion to suppress was not submitted until the government offered the evidence at trial. In upholding the trial court's denial the *Small* court stated:

"The purpose of Rule 41(e) in requiring Motions to Suppress to be introduced prior to trial is to facilitate a uniform presentation of the facts and law to the jury with as few disruptive intervals as possible. Although the trial judge is free to exercise judicial discretion when a motion is offered for the first time during the trial where there would be obvious prejudice to the defendant, the granting of such a motion is disfavored where counsel was fully aware of the facts prior to trial and had ample opportunity to present the motion. [Citations omitted]."

Similarily, the United States Supreme Court in *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) stated:

". . . This provision of Rule 41(e), requiring the motion to suppress to be made before trial, is a crystallization of decisions of this Court requiring that procedure, and is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt. [Citations omitted]."

See also *United States v. Hamilton*, 469 F.2d 880 (9th Cir. 1972); *United States v. Robinson*, 470 F.2d 121 (7th Cir. 1972); *United States v. Ceraso*, 467 F.2d 653 (3rd Cir. 1972); *United States v. Cranson*, 453 F.2d 123 (4th Cir. 1971), cert. denied, 406 U.S. 909, 92 S.Ct. 1607, 31 L.Ed.2d 821 (1972); *United States v. Bennett*, 409 F.2d

888 (2d Cir. 1969), cert. denied, 396 U.S. 852, 90 S.Ct. 117, 24 L.Ed.2d 101 (1969). For the reasons enumerated in the above cases we hold that rules of criminal procedure can put a time limitation on the exercise of a constitutionally protected right.

*Ineffective Assistance of Counsel*

Under this point defendant contends that even if he waived his right to have a full hearing on the admissability of the confession then failure to move to suppress constitutes ineffective assistance of counsel. He also contends that failure to offer a defense of and submit a requested instruction on voluntariness, intoxication and diminished capacity constitutes ineffective assistance of counsel.

Defendant was not denied his right to have witnesses at trial to testify on the question of voluntariness. Defendant was only denied the right to have a suppression hearing as discussed in the first point. However, he chose not to do so for reasons which are not disclosed by the record. We will not attempt to second guess trial counsel on appeal. Counsel must be given a wide latitude in his representation of his client. *State v. Moser*, 78 N.M. 212, 430 P.2d 106 (1967). All the claims here, including the failure to request instructions, go to trial tactics and strategy. An attorney has the exclusive power and control with respect to procedural and remedial matters over the litigation with which he is charged. *State v. Selgado*, 78 N.M. 165, 429 P.2d 363 (1967). Our review of the record does not show that defendant was denied the effective assistance of counsel.

As to the failure to request instructions on the issues of voluntariness, intoxication and diminished capacity we can only state that the record would not support the giving of any such instructions. See *State v. Armstrong*, 85 N.M. 234, 511 P.2d 560 (Ct.App.1973). *State v. Watkins*, 543 P.2d 1189 (Ct.App.)

Defendant asserts that the instant case compares with *State v. Kincheloe*, 87 N.M.

34, 528 P.2d 893 (Ct.App.1974). We do not agree. *Kincheloe* is entirely different and is distinguished from the instant case. The composite of the alleged errors asserted here do not approach those in *Kincheloe*.

*Defendant's Failure to Testify Comment*

■ Defendant attempts to elevate the following statement into a comment by the trial court on defendant's failure to testify. That comment states in part:

"THE COURT: Ladies and gentlemen of the jury, at the lunch recess the State had announced rest at that time and then coming back this afternoon the defendant has chosen not to submit any defense which is his constitutional right so to do and they the State closed, which means, [there] will be no more testimony, . . . ."

The statement by the court was no more than a summary of the happenings in the trial. It was not a comment on defendant's failure to testify. No issue is presented as in *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

*Unconstitutionality of the Sodomy Statute*

■ The majority of this panel abides by the decisions of this court prior to *State v. Elliott,* 88 N.M. 187, 539 P.2d 207 (Ct. App.1975) on certiorari to the New Mexico Supreme Court. A Supreme Court determination in Elliott will settle the constitutionality question of the sodomy statute.

Affirmed.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent.

*The trial court denied defendant a fair hearing on admissibility of confession.*

During the direct examination of a police officer, defendant requested a hearing in camera on the voluntariness and admissibility of defendant's alleged confession. The jury was excused and a hearing was held. After the examination and cross-examination of two police officers on behalf of the State, defendant requested permission to call evidence on his behalf. The State objected because of defendant's failure to comply with Rule 18 of the Rules of Criminal Procedure on suppression of evidence. Defendant called to the attention of the trial court that Rule 18 was not applicable on the admissibility of evidence at trial. On oral argument, the district attorney strongly disagreed and won. The trial court said:

Upon the admissions made by Mr. Williams [public defender] that he had notice of this . . . confession . . . for several months, the Court finds that the defense had been dilitory [sic] in asserting its rights under Rule 18 of the Rules of Civil Procedure. . . . It was not timely filed and any motion against the admissibility of this into evidence at this time is overruled.

This is reversible error.

Rule 18 of the Rules of Criminal Procedure reads:

(a) *Property.* A person aggrieved by a search and seizure may move for a return of the property and to suppress its use as evidence.

(b) *Suppression of Other Evidence.* A person aggrieved by a confession, admission or other evidence may move to suppress such evidence.

(c) *Time for Filing.* A motion to suppress shall be made within twenty [20] days after the entry of a plea, unless, upon good cause shown, the trial court waives the time requirement of this rule.

(d) *Hearing.* The court shall receive evidence on any issue of fact necessary to the decision of the motion.

It is obvious that this rule applies to pre-trial criminal proceedings. It has no

relationship to the admission of evidence during the trial of a case.

Rule 104(a), (c) of the Rules of Evidence [§ 20–4–104(a), (c), N.M.S.A.1953 (Repl.Vol. 4, 1973 Supp.)] provides for a hearing on the admissibility of confessions during trial. The rule states in pertinent part: "Preliminary questions concerning . . . the admissibility of evidence shall be determined by the judge . . . . Hearings on the admissibility of confessions shall *in all cases* be conducted out of the hearing of the jury." [Emphasis added].

Under Rule 18(b) the defendant *may* move to suppress the confession. This is not mandatory. Defendant has an alternative right to challenge the admission of the confession under Rule 104(c). When this challenge is made, it is mandatory that the hearing *shall* be conducted absent the jury.

Defendant had a choice. The public defender chose the trial procedure, not the pre-trial procedure, to accomplish his challenge of the admissibility of the confession. To even suggest that this choice constituted ineffective assistance of counsel is to insult the integrity of the public defender.

By adoption of Rule 18(b), the Supreme Court did not intend to violate the Due Process Clause of the Constitution of the United States as stated in *State v. Cranford*, 83 N.M. 294, 491 P.2d 511 (1971).

When the State offers a confession in evidence, the burden of proof is on the State to show that it was voluntary. *State v. Barnett*, 85 N.M. 301, 512 P.2d 61 (1973). The trial judge heard the evidence submitted by the State in support of the admission of the confession. It was his duty to hear and consider any evidence offered by the defendant, however incredible it might appear. The trial judge has no choice. Id.; *State v. Armijo*, 64 N.M. 431, 329 P.2d 785 (1958). A full inquiry must be made as to all the circumstances under which the confession was obtained, and from this inquiry, a determination of

voluntariness or otherwise must be made. *State v. Martinez*, 30 N.M. 178, 230 P. 379 (1924). In *State v. Ortega*, 77 N.M. 7, 419 P.2d 219 (1966), Justice Moise set forth specifically eight circumstances to be considered by the court in determining whether the confession was voluntary. This determination rests within the court's discretion, but this discretion must be exercised with great caution. *Dodd v. State*, 232 So.2d 235 (Fla.App.1970). Uncontrolled discretion for failure to hear the defendant constitutes reversible error. *State v. Armijo*, supra.

The trial court failed to give defendant a fair hearing. It denied defendant the right to present evidence on the inadmissibility of the confession. The trial court also failed to make a determination of the issue of voluntariness of the confession. In *State v. LaCour*, 84 N.M. 665, 506 P.2d 1212 (Ct.App.1973), we granted a new trial. I favored a remand to determine the question of voluntariness. In *State v. Armijo*, supra, a new trial was granted. In *State v. Gurule*, 84 N.M. 142, 500 P.2d 427 (Ct.App.1972), we remanded with instructions to vacate the judgment, determine the question of voluntariness, and if the determination was not made in ninety days, the defendant was to be discharged.

The majority opinion disregards prior New Mexico law because Rule 18(c) was subsequently enacted.

The majority opinion relies on federal cases arising out of former Rule 41(e) of the Federal Rules of Criminal Procedure. The opinion states:

18 U.S.C.A. § 41(e) (1961) was very similar to Rule 18.

I cannot find a similarity. Section 41(e) only covered a person aggrieved by an unlawful search and seizure. It allowed a motion to return property unlawfully seized and to suppress the use of this property as evidence.

Each of the federal cases cited in the majority opinion pertains to unlawful search and seizure of property. None of

them involves the admission in evidence of a confession. The instant case is not based on unlawful search and seizure.

The procedure used in the trial court "did not afford a reliable determination of the voluntariness of the confession offered in evidence at the trial," and "did not adequately protect [Helker's] right to be free of a conviction based upon a coerced confession and therefore cannot withstand constitutional attack under the Due Process Clause of the Fourteenth Amendment." *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 908, 916, 1 A.L.R.3d 1205 (1964). *Jackson* has been followed or referred to in New Mexico at least twelve times. *State v. Lujan*, 87 N.M. 400, 534 P.2d 1112 (1975); *State v. Barnett*, supra; *State v. LaCour*, supra; *State v. Gurule*, supra; *State v. Paul*, 83 N.M. 619, 495 P. 2d 797 (Ct.App.1972); *State v. Cranford*, supra; *State v. Gruender*, 83 N.M. 327, 491 P.2d 1082 (Ct.App.1971); *State v. LeMarr*, 83 N.M. 18, 487 P.2d 1088 (1971); *State v. Burk*, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971); *State v. Word*, 80 N.M. 377, 456 P.2d 210 (Ct.App.1969); *State v. Ortega*, supra; *Pece v. Cox*, 74 N.M. 591, 396 P.2d 422 (1964).

> Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. Here there has been absolutely no ruling on that issue and it is therefore impossible to know whether the judge thought the confession voluntary or if the jury considered it as such in its determination of guilt.

*Sims v. State of Georgia*, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593, 598 (1967). *Sims* has been followed in New Mexico four times. *State v. Lujan*, supra; *State v. LaCour*, supra (Sutin, J., concurring); *City of Albuquerque v. Butt*, 83 N.M. 463, 493 P.2d 773 (Ct.App.1972); *State v. Gruender*, supra (Sutin, J., dissenting).

The majority opinion flouts the decision of the Supreme Court of the United States and the appellate courts of New Mexico.

Helker is 19 years of age. He received three *consecutive* sentences in the State Penitentiary: (1) 10 to 50 years for aggravated burglary, (2) 2 to 10 years for attempted rape, and (3) 2 to 10 years for sodomy. His life, as well as his liberty, are subject to the rack and the stake. We do not know what factors caused his departure from normal life. Was it his environment? His family? His schools? His church? His society? Now, absent help from society, in the depths of despair, no one but the public defender fights for his rights.

Time and space in a dissenting opinion do not allow for quotations from great judges. From the foundation of our country, our courts have protected life and liberty under the Constitution of the United States. Every person charged with a crime is entitled to a fair trial, free from reversible error.

The majority refuse to follow *State v. Elliott*, 88 N.M. 187, 539 P.2d 207 (Ct.App. 1975) where we declared the sodomy statute unconstitutional.

Today, one judge removed for another joined Judge Hendley in returning to the pre-*Elliott* case law. The majority have a right and duty to do so when justice, as they see it, demands the return. It is not as the *Elliott* dissent said, "a blatant abuse of judicial power."

The Supreme Court granted certiorari in *Elliott* and may follow in the footsteps of the Hendley dissent. It may reverse on other grounds and not determine the constitutional question. If it does not, perhaps it will do so in this case.

The legislature was wise enough to repeal the old sodomy statute and adopt a new one which meets all constitutional requirements. But Elliott and Helker will suffer punishment for a crime which did not exist in law, and which constitutional

problem the appellate courts of this State have studiously refused to determine.

Today, we are faced with what some people call "a waive of terror in the criminal field". It has grown slowly for two hundred years. It begins with adolescence. People cry aloud for a return to the feudalistic doctrine of "punishment to fit the crime", except when their own child is involved. Some courts and district attorneys pursue this course vehemently. By denying a person a fair trial, by chipping away segments of the Constitution, we begin a slow return to the good old days when men feared witches and burnt women. But judges today, who preach this doctrine in dissenting opinions, are severely criticized. So let it be.