This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                 **NO. 29,301**

**HECTOR MONTES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals from the order denying his motion to reconsider his

sentence. [RP 117] Defendant raises four issues on appeal, contending that: (1) his probation officer did not tell him what his sentence would be if he violated his probation [DS 6]; (2) the district court erred in deciding that Defendant violated his probation [DS 6]; (3) (similar to Issue 1) he was not told by his attorney what would happen if he violated his probation [DS 7]; and (4) Defendant contends that he had "some sort of agreement" with the Assistant District Attorney that his sentence for violating his probation would be reduced if he paid the balance of his outstanding restitution, which he did do but his sentence was not reduced. [DS 7-8] All issues are raised pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 659, 712 P.2d 1, 5 (Ct. App. 1985). [MIO 4]

This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm on direct appeal.

**DISCUSSION**

**Issues 1, 3, and 4 - Ineffective Assistance of Counsel.** In the memorandum, Defendant has confirmed that Defendant's contentions on appeal are claims of ineffective assistance of counsel under circumstances where the evidence of trial counsel's discussions with Defendant and his advice, or lack thereof, are matters not of record on direct appeal. [MIO 4, 5-9] To establish a prima facie case of ineffective

assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that Defendant suffered prejudice in that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted). The burden of proof is on the defendant to prove both prongs. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729.

The record proper in this case reflects that the district court held a hearing in order to accept Defendant's plea on the underlying fraud charges. [RP 46-47] The district court also held a subsequent hearing, prior to the one at issue here, wherein Defendant admitted to violating his probation but he was allowed to continue on probation. [RP 75-77] In the calendar notice, we noted that the record of the guilty plea proceedings indicates that the parties did not sign a plea agreement [RP 47, #6], and that the guilty plea proceedings do not contain an express statement indicating that Defendant was specifically informed that if he violated his probation he would have to serve the balance of his original sentence. We further noted, however, that the record of the guilty plea proceedings do indicate the range of possible sentences of incarceration for each of the offenses charged [RP 46], and it is signed by Defendant.

3

[RP 47] Moreover, the original judgment and sentence also states that Defendant was sentenced to fifteen (15) years of incarceration, with most of the incarceration suspended pursuant to a supervised probation agreement. [RP 54] The probation agreement is not in the record proper. With regard to Issue 4, we noted that the record proper contains no evidence of an alleged agreement between Defendant and the prosecutor concerning Defendant's payment of restitution in exchange for a reduced sentence for violating his probation. Although Defendant contends that his attorney should have subpoenaed his previous attorney to testify as to this agreement, Defendant's present counsel's failure to do so may well have been a tactical decision. This court will not attempt to second-guess the tactics and strategy of trial counsel on appeal. *See State v. Helker*, 88 N.M. 650, 652, 545 P.2d 1028, 1030 (Ct. App. 1975). Moreover, the fact that no agreement was memorialized and placed in the record does not necessarily mean that counsel was incompetent; it may mean that no agreement on these matters was actually reached. Based on our review of the record before us, therefore, it appears that neither the court nor the prosecutor promised that Defendant would be treated more leniently if he paid his restitution but yet, as here, violated several other terms of his probation agreement, yet a second time.

When ineffective assistance claims are first raised on direct appeal, we evaluate the facts that are part of the record on direct appeal, and if facts necessary to a full

4

determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition. *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. In this case, the discussions between Defendant and his attorney and his probation officer (Issues 1 and 3) and any alleged agreement on restitution payment in exchange for a possible reduced sentence (Issue 4) are not of record for review by this Court on direct appeal. We hold that Defendant's claims are more appropriately brought in a petition for habeas corpus. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

We affirm Issues 1, 3, and 4 on direct appeal.

**Issue 2 - Sufficiency of the Evidence.** Defendant also contends that he did not agree with the district court's decision that he had violated his probation agreement. [DS 6] We have considered that Defendant means to contend that there was insufficient evidence to support the district court's decision to revoke his probation. [DS 7]

Defendant's memorandum does not provide any new facts or authorities that would persuade us that the calendar notice analysis of this issue was incorrect or inappropriate. "A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law." *State v. Ibarra*, 116 N.M. 486,

489, 864 P.2d 302, 305 (Ct. App. 1993). Rather, as discussed above, the memorandum confirms that all of Defendant's issues on appeal are claims of ineffective assistance of counsel. [MIO 4, 5-9] We affirm the district court's determination that Defendant had violated his probation agreement.

Although proof of a violation of a condition of probation need not be established beyond a reasonable doubt, the proof must be such that it inclines a reasonable and impartial mind to believe that a defendant has violated the terms of probation. *See State v. Galaz*, 2003-NMCA-076, ¶ 8, 133 N.M. 794, 70 P.3d 784. The State presented evidence that Defendant had been on a 90-day sanction for prior probation violations and he had failed to report for two months; Defendant had tested positive for cocaine; and Defendant had failed to pay his DNA fee, the domestic violence treatment fee, probation costs, and restitution. [MIO 3; RP 88]

While Defendant asserts that his family had paid the restitution amounts in full [MIO 4], in any case, the State presented evidence regarding numerous probation violations other than the alleged failure to pay restitution. [MIO 3] While Defendant argues that his attorney failed to present evidence in his favor, such as that he had in fact reported and no record was made of his visits [MIO 7], the State's witnesses' testimony apparently conflicted with Defendant's version of events. See, e.g., *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 (stating that the

reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict).  In any case, the State presented evidence regarding numerous probation violations other than the alleged failure to report.  [MIO 2-3]  It appears, moreover, that trial defense counsel's alleged omissions may well have been based on tactical or strategic decisions.  *See, e.g., Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (discussing that "[o]n appeal, we will not second guess the trial strategy and tactics of the defense counsel" (internal quotation marks and citation omitted)).

Under the circumstances, we cannot say that the alleged failures of trial counsel prejudiced Defendant to the extent that a prima facie case of ineffective assistance of counsel has been made on direct appeal.  *See, e.g., Duncan v. Kerby*, 115 N.M. 344, 348-49, 851 P.2d 466, 470-71 (1993) (stating that prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of counsel); *see also State v. Baca*, 1997-NMSC-045, ¶ 20, 124 N.M. 55, 946 P.2d 1066 (holding that whether a defendant was prejudiced depends on whether the allegedly incompetent representation prejudiced the case such that "but for" counsel's error, there is a reasonable probability that the result of the conviction proceeding would have been different), *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783.  Finally, as discussed above, on direct appeal we have no

7

record of Defendant's discussions with his trial counsel and no record of any express agreement regarding the payment of restitution and a reduced sentence.

Under the circumstances, we affirm the district court's determination that Defendant violated the conditions of his probation. We hold that Defendant has not made a prima facie case of ineffective assistance of counsel with regard to this issue on direct appeal.

**CONCLUSION**

We affirm the district court on all issues on direct appeal.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**