This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                         **NO. 31,291**

**QUINCY BENNETT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Quincy Bennett appeals his convictions for possession of a

controlled substance (cocaine) and tampering with evidence. This Court filed a second notice of proposed summary disposition, again proposing to affirm the district court. Defendant filed a second memorandum in opposition to proposed summary affirmance, which we have given due consideration. We affirm Defendant's convictions.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Defendant's second memorandum in opposition primarily addresses two points. First, he asserts that his trial counsel's failure to file the motion to suppress within the time limits set by the district court's pretrial order, together with counsel's subsequent failure to have the motion heard at trial, constituted ineffective assistance of counsel. [2nd MIO 4-14] We conclude that this issue would be more appropriately addressed in habeas corpus proceedings.

"Counsel is presumed competent unless a defendant succeeds in showing both the incompetence of his attorney and the prejudice resulting from the incompetence." *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127. "In making a claim of ineffective assistance of counsel, a defendant must establish that his attorney did not exercise the skill of a reasonably competent attorney." *Id.* "A prima facie case for ineffective assistance of counsel is not made if there is a plausible, rational strategy or tactic to explain the counsel's conduct." *Id.* ¶ 49. A defendant must show the

prejudice he or she suffered as a result of the alleged incompetence, and that prejudice must be of sufficient magnitude to call into question the reliability of the trial results. *Duncan v. Kerby*, 115 N.M. 344, 348, 851 P.2d 466, 470 (1993).

While we cannot conceive of a "plausible, rational strategy or tactic" to explain counsel's late filing of the motion to suppress, we conclude that Defendant has not shown that he was prejudiced by the late filing. Defendant had the option of proceeding with the jury trial scheduled for the same day and renewing the motion there. He does not argue that the motion was any less likely to be granted had he raised it at trial, as opposed to having it heard pretrial. He acknowledges that the outcome in district court depended on the success of the motion, as he was otherwise unlikely to avoid conviction, given the strength of the evidence that he had committed the offenses. [Amd. MIO 17]

Rather than proceeding to trial, Defendant chose to plead guilty to both charges, reserving the issue of denial of his motion to suppress. We first observe that Defendant appears to have benefitted from entering the plea agreement, as the State agreed not to pursue habitual offender sentencing, notwithstanding that he had admitted his identity as to two prior felony convictions. [Supp. RP TR 5-6] We fail to see that Defendant entered the plea agreement unknowingly. Defendant's amended memorandum in opposition asserts that he believed that a guilty plea would result in

a hearing on the merits of his motion to suppress. [Amd. MIO 18-19] We see nothing in the transcript of the district court's acceptance of the guilty plea indicating that Defendant was led to believe that the merits would definitely be heard. [See Supp. RP TR 1-14]

Our Supreme Court has expressed a preference for Rule 5-802 NMRA habeas corpus proceedings as "the preferred avenue for adjudicating ineffective assistance of counsel claims." *Duncan*, 115 N.M. at 346, 851 P.2d at 468. This Court cannot assess the validity of Defendant's ineffective assistance of counsel claim without the benefit of an evidentiary hearing on the issue, and post-conviction proceedings are recommended for such fact-finding. *Id.* We conclude that Defendant has not shown a prima facie case of ineffective assistance and that this issue is better pursued in habeas proceedings.

**DUE PROCESS**

Second, Defendant argues that the district court's failure to rule on the merits of the untimely motion to suppress constituted a denial of due process. [2nd MIO 14-24] This Court has previously held that a district court may enforce time limits specified in court rules, even though it results in a defendant's loss of an opportunity to a particular point. *State v. Helker*, 88 N.M. 650, 652, 545 P.2d 1028, 1030 (Ct. App. 1975) (holding that "rules of criminal procedure can put a time limitation on the

4

exercise of a constitutionally protected right"). Further, as discussed above, the district court explicitly stated that it would allow Defendant to raise the issue at trial. *See State v. Katrina G.*, 2008-NMCA-069, ¶ 17, 144 N.M. 205, 185 P.3d 376 (stating, "as a general rule, under . . . the Rules of Criminal Procedure, a motion to suppress evidence is not required to be made before trial and may be made at trial"). Accordingly, we conclude that the district court's refusal to hear the merits of Defendant's motion to suppress did not constitute a denial of due process.

**CONCLUSION**

For the reasons stated above and in this Court's first and second notices of proposed summary disposition, we affirm the district court.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**RODERICK T. KENNEDY, Judge**