This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **NO. 30,671**

**PATRICK SANDERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Defendant Patrick Sanders appeals his conviction for being a felon in possession of a firearm in violation of NMSA 1978, Section 30-7-16 (A) (2001). This case requires us to decide (1) whether the district court erred when it denied Defendant's motion to suppress evidence as untimely based on Defendant's failure to show good cause for the late filing of the motion, and (2) whether Defendant's conviction was supported by sufficient evidence. We affirm.

**BACKGROUND**

On May 23, 2008, Defendant stopped to help a woman whose Chevy Cavalier was broken down. After Defendant got her car started, the woman offered him a ride, and he took it. The woman stopped at a store, went inside for a few minutes, and returned with a Hispanic man. This man then drove the vehicle with Defendant and the woman as passengers. Law enforcement stopped the vehicle, and when an officer asked the Hispanic man to step out of the vehicle, the Hispanic man sped off. The officers followed but abandoned their chase after a few minutes due to safety concerns. A short time later, an officer located the vehicle, but the occupants were gone. Officers searched the vehicle and discovered a Mossberg 12-gauge pistol-grip shotgun in the trunk.

After police officers found the vehicle in which Defendant had been a passenger, they spoke with a witness who reported that he saw the Hispanic man and

Defendant run through his yard and that the Hispanic man was pointing a handgun at Defendant. Officers then located Defendant and detained him. Detective Coburn interviewed Defendant who told the detective that he did not know the other occupants of the vehicle and had not encountered them before stopping to help the woman get the vehicle started. Detective Coburn asked Defendant if he knew about any guns, and Defendant told him that the Hispanic man had pulled a gun on him and that Defendant had pushed it away. Defendant told Detective Coburn that he did not know about any other guns and specifically denied knowledge about the shotgun.

Detective Rodney Porter processed the shotgun for fingerprints and located one clear print on the right "breech" of the shotgun and determined it was Defendant's fingerprint. Detective Porter asked Detective Scott Keenan to verify that the fingerprint on the shotgun matched Defendant's, and Detective Keenan agreed the print matched. Defendant was charged with possession of a firearm by a felon. He was arraigned on June 23, 2008, and on May 14, 2009, the district court entered an order setting a motions deadline of June 22, 2009. The order explicitly stated that "failure to comply with [the] order may result in contempt of court or other remedial proceedings." After several continuances, trial was scheduled in April 2010. The district court held a pre-trial conference on April 8, 2010, and asked if the parties anticipated bringing any motions prior to trial; both parties responded they did not.

3

On April 13, 2010, the morning of trial, defense counsel brought a motion to suppress evidence of the shotgun and the fingerprint, alleging that the evidence was obtained as the result of an unconstitutional traffic stop. Defense counsel had not filed the motion with the court and did not send it to the State until sometime after eight o'clock the night before. As the reason for the late motion, defense counsel stated that she had not seen the picture of the Cavalier until the weekend before trial, and that upon seeing it, she realized the traffic stop may have been pretextual.

The district court heard defense counsel's argument on the motion before voir dire of the jury panel began. The State responded that the motion was untimely. The State also argued that Defendant failed to show good cause for the untimely filing of the motion, and stated that the picture that defense counsel claimed not to have seen until the previous weekend had been disclosed twenty-one months earlier. The State asked that the district court require Defendant to file timely motions and stated that because defense counsel did not provide the State with the transcript on which she relied until the morning of trial, the State had not had time to review it or compare it to the tapes.

The district court denied Defendant's motion to suppress on the grounds that Defendant did not show good cause for the late filing of the motion. The district court

4

also made an alternative ruling on the merits and found that the stop was not pretextual. Defendant's jury trial followed.

At trial, the videotape of Defendant's interview with Detective Coburn was played for the jury. With regard to firearms, Detective Coburn testified that he understood Defendant to be talking about a handgun when Defendant described the type of gun that he pushed away and reiterated that Defendant denied any knowledge of the shotgun. On the issue of fingerprints, Detective Porter testified that the only way he knew that Defendant's fingerprint could have been put on the shotgun was for Defendant's finger to have come in contact with the shotgun. He stated that because a fingerprint cannot be dated, he could not say when Defendant's fingerprint came to be on the shotgun. Detective Porter also testified that he could not tell under what circumstances Defendant's fingerprint came to be on the shotgun. The jury found Defendant guilty of being a felon in possession of a firearm, and this appeal timely followed.

**DISCUSSION**

**Defendant's Motion to Suppress**

Defendant contends that the district court erred when it denied his motion to suppress as untimely because, he asserts, a criminal defendant is not obligated to move to suppress evidence prior to trial. Rule 5-212(C) NMRA governs the time for filing

5

motions to suppress and provides that "[a] motion to suppress shall be made within twenty (20) days after the entry of a plea, unless, upon good cause shown, the trial court waives the time requirement." The rule gives the district court discretion to waive the time requirement upon a showing of good cause; therefore we review the district court's ruling for an abuse of discretion. Rule 5-212(C); *see State v. Smallwood*, 2007-NMSC-005, ¶ 12, 141 N.M. 178, 152 P.3d 821 (noting that the Court would review a district court's finding on whether a party had shown good cause to waive a time requirement under another rule for abuse of discretion).

Here, defense counsel's only stated reason for the untimely filing of the motion to suppress was that she did not see a picture that had been disclosed to her twenty-one months earlier until the weekend before trial. Failing to review evidence until the eve of trial does not constitute a showing of good cause when that evidence has long been available and in defense counsel's possession. *See, e.g.*, *State v. Helker*, 88 N.M. 650, 651-52, 545 P.2d 1028, 1029-30 (Ct. App. 1975) (affirming the denial of a defendant's motion to examine witnesses to determine whether his confession was voluntary as untimely when the defendant's attorney had knowledge of the confession for several months prior to trial and did not file a motion to suppress within the time limits imposed by our Rules of Criminal Procedure). We hold that the district court did not abuse its discretion in denying Defendant's motion as untimely when defense

6

counsel failed to show good cause. *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." (internal quotation marks and citation omitted)).

Defendant asserts that under "the Rules of Criminal Procedure, a motion to suppress evidence is not required to be made before trial and may be made at trial." *State v.Katrina G.*, 2008-NMCA-069, ¶ 17, 144 N.M. 205, 185 P.3d 376. While we have articulated that as a general rule, our cases also recognize that time limits imposed by our Rules of Criminal Procedure may serve as grounds for denying a motion as untimely where the defendant fails to establish good cause for the untimely filing. *State v. Gutierrez*, 2005-NMCA-015, ¶ 21, 136 N.M. 779, 105 P.3d 332; *State v. Vialpando*, 93 N.M. 289, 293, 599 P.2d 1086, 1090 (Ct. App. 1979); *see, e.g.*, *Katrina G.*, 2008-NMCA-069, ¶¶ 2, 21 (holding that the defendant's motion to suppress was appropriately denied where it was filed two days before trial and an evidentiary hearing was required).

Although Defendant relies on *Gutierrez* in support of his assertion, we observe that *Gutierrez* actually supports the district court's ruling. In *Gutierrez,* we discussed the timeliness of the defendant's motion to suppress evidence of an illegal search that defense counsel made at trial. 2005-NMCA-015, ¶¶ 20-21. There, on the morning of

trial, defense counsel alerted the district court that he intended to make what he called "a motion to suppress in the middle of trial[.]" *Id.* ¶ 20 (internal quotation marks omitted). The state did not object to the timing of the motion. *Id.* We held that although Rule 5-212 would have provided grounds to deny the motion, the state waived its objection to the defendant's motion. *Id.* ¶¶ 20-21. Unlike *Gutierrez*, the State in this case clearly objected to the untimeliness of Defendant's motion to suppress and argued that defense counsel failed to show good cause for the late filing. Accordingly, *Gutierrez* does not support Defendant's claim that the district court erred in denying the motion as untimely. Since we hold that the district court did not abuse its discretion when it denied Defendant's motion to suppress as untimely, we do not reach the merits of Defendant's claim that the evidence against him was obtained as the result of a pretextual traffic stop. *See Helker*, 88 N.M. at 652, 545 P.2d at 1030 (holding that the "[R]ules of [C]riminal [P]rocedure can put a time limitation on the exercise of a constitutionally protected right").

**Sufficiency of the Evidence**

Defendant next claims that the evidence in the record was insufficient to support his conviction for possession of a firearm by a felon. "Because an appellate tribunal does not enjoy the same exposure to the evidence and witnesses as the jury at trial, our review for sufficiency of the evidence is deferential to the jury's findings."

8

*State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057. "[W]e first view the evidence in the light most favorable to the state, resolving all conflicts and indulging all permissible inferences in favor of the verdict." *State v. Gallegos*, 2011-NMSC-027, ¶ 15, 149 N.M. 704, 254 P.3d 655 (alterations, internal quotation marks, and citation omitted). Then we "determine whether the evidence, when viewed in this manner, could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *Id.* (emphasis, alteration, internal quotation marks, and citation omitted). "We are at all times mindful of the jury's fundamental role as fact[]finder in our system of justice and the independent responsibility of the courts to ensure that the jury's decisions are supportable by evidence in the record, rather than mere guess or conjecture. *Id.* (internal quotation marks and citation omitted).

Our Legislature has made it "unlawful for a felon to receive, transport, or possess any firearm . . . in this state." Section 30-7-16(A). "The offense is a possessory crime imposing liability approaching strict liability for its transgression." *State v. Castrillo*, 112 N.M. 766, 771, 819 P.2d 1324, 1329 (1991). At the close of trial, the district court instructed the jury that in order to establish Defendant's guilt, the State was required to prove beyond a reasonable doubt that:

    1.    [D]efendant possessed a firearm;

9

2. [D]efendant, in the preceding ten years, was convicted and sentenced to one or more years imprisonment by a court of the United States or by a court of any state;

3. This happened in New Mexico on or about the 23rd day of May, 2008.

Possession was defined as follows:

A person is in possession of a firearm when, on the occasion in question, he knows what it is, he knows it is on his person or in his presence and he exercises control over it. Even if the object is not in his physical presence, he is in possession if he knows what it is and where it is and he exercises control over it. A person's presence in the vicinity of the object or his knowledge of the existence or the location of the object is not, by itself, possession.

The district court also instructed the jury that in addition to the other elements of possession of a firearm by a felon, the State had to prove beyond a reasonable doubt that Defendant acted intentionally when he committed the crime. "The strict liability of the crime . . . makes a convicted defendant criminally liable the moment he takes possession of a firearm." *Id.*

Here, there was evidence that the shotgun was found in the vehicle that Defendant had worked on and in which he had been a passenger, that Defendant's fingerprint was on the shotgun, and that Defendant had met both occupants of the vehicle for the first time on May 23, 2008. We conclude that this evidence was sufficient to support the jury's finding that Defendant possessed the shotgun on that day. Defendant argues that there were alternative views of the evidence that could

10

give rise to the inference of his innocence. However, as Defendant recognizes, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (emphasis, internal quotation marks, and citation omitted). We will not reweigh the evidence or substitute our judgment for that of the jury. *Garcia*, 2011-NMSC-003, ¶ 5. We nevertheless address Defendant's arguments below.

Defendant first argues that the evidence of his fingerprint on the gun was insufficient because a fingerprint cannot be dated and, therefore, the State could not prove that he touched the shotgun on or about May 23, 2008. However, Defendant stated that he had not met the Hispanic man or the woman in the Cavalier until that day, and he did not know them. The evidence that May 23, 2008, was the first time Defendant had contact with the vehicle or its occupants supports the reasonable inference that Defendant placed his fingerprint on the shotgun found in that vehicle on that date and not on another day.

Defendant also contends that his fingerprint could have been placed on the shotgun when the Hispanic man pulled a gun on Defendant and Defendant pushed it away. Defendant presented this theory to the jury; however, the jury's guilty verdict

11

clearly indicates that it rejected Defendant's explanation of how his fingerprint came to be on the shotgun. The jury's conclusion that the shotgun was not the firearm that Defendant touched when he pushed it away is also supported by Detective Coburn's testimony that he understood Defendant to be talking about a handgun when describing the action of pushing away a gun. Because "a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction, we will not upset a jury's conclusions." *Garcia*, 2011-NMSC-003, ¶ 5 (emphasis, internal quotation marks, and citation omitted).

**CONCLUSION**

We conclude that the district court did not err when it denied Defendant's untimely motion to suppress, and we affirm Defendant's conviction under Section 30-7-16(A).

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**