This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: November 3, 2025**

**No. S-1-SC-40725**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOSEPH SANDERS,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**John P. Sugg, District Judge**

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Raúl Torrez, Attorney General
Henry Chynoweth, Assistant Solicitor General
Santa Fe, NM

for Appellee

### DECISION

**BACON, Justice.**

## I. INTRODUCTION

**{1}** Defendant Joseph Sanders shot and killed Laura McCormick (Victim) while she was working alone at a convenience store. Defendant appeals his convictions of first-degree willful-and-deliberate murder, contrary to NMSA 1978, Section 30-2-1(A)(1) (1994), and attempted armed robbery, contrary to NMSA 1978, Sections 30-28-1 (1963,

amended 2024) and 30-16-2 (1973), arguing the State failed to produce sufficient evidence. We affirm Defendant's convictions and exercise our discretion to decide this appeal by nonprecedential decision. *See* Rule 12-405(B)(1), (2) NMRA (permitting disposal of a case by nonprecedential decision where the issues presented have been previously decided or where the presence of substantial evidence disposes of the issues).

## II.      BACKGROUND

{2}      Defendant entered a convenience store located in Weed, New Mexico, at 7:54 a.m. Victim was working alone at the store. Defendant asked Victim to accept a gun as collateral for gasoline. Victim informed Defendant she was not authorized to do so but that her boss would arrive in about an hour. Defendant stated he would return in an hour and drove away from the store.

{3}      At 8:12 a.m., Defendant returned to the store but remained in his car for a short period, reentering the store around 8:17 a.m. and greeting Victim. Another customer entered the store shortly thereafter, and the men had a brief interaction. The customer left, and Defendant remained in the store.

{4}      Defendant brought coffee and a candy bar to the counter. Victim instructed him to leave his cash on the counter. Defendant exited the store, stating he would get his cash, and returned moments later. Defendant brought additional food items to the counter. Victim again instructed Defendant to leave his cash on the counter and to go and pump his fuel. Defendant asked Victim about finding trail mix in the store. Victim pointed Defendant toward a portion of the store. Defendant brought additional items to the counter. Victim once again asked Defendant to leave cash and to go and pump his fuel. Instead, Defendant walked outside to his vehicle.

{5}      Defendant again reentered the store, this time with a gun concealed under his shirt. Defendant pointed the gun at Victim and attempted to shoot her two times, but no bullets were in the relevant chambers. Victim pushed the gun away. Defendant regained control of the gun and fired again. Victim cried out for her boss as Defendant shot her twice. At this point, approximately 8:27 a.m., Defendant fled the store and drove away. Victim later died as a result of her wounds.

{6}      By the time law enforcement located Defendant, he had changed his shirt, hidden his truck, and stolen a vehicle. Defendant gave false stories to law enforcement about his truck and "playing around" with his gun earlier in the day. Defendant was searched, and officers located a "substance consistent with methamphetamine" and drug paraphernalia on his body. Officers testified that Defendant did not appear to be under the influence of drugs. Eventually, Defendant's blood was tested, revealing 0.11 mg/L of methamphetamine.

{7}      Defendant was convicted of one count of first-degree murder (willful and deliberate), one count of attempt to commit a felony (armed robbery), one count of tampering with evidence, one count of unlawful taking of a motor vehicle, one count of

unlawful carrying of a deadly weapon, and one count of possession of drug paraphernalia. He now appeals his convictions of first-degree murder and attempted armed robbery.

## III. DISCUSSION

**{8}**     Defendant argues there was insufficient evidence (1) to establish deliberate intent necessary to sustain his conviction of first-degree murder and (2) to prove attempted armed robbery. With regard to his first-degree murder conviction, Defendant argues the evidence shows the killing of Victim was rash and impulsive and he was unable to form deliberate intent because of his voluntary intoxication. With regard to his conviction of attempted armed robbery, Defendant appears to argue the State failed to prove he committed a requisite overt act and his voluntary intoxication similarly interfered with his ability to form the specific intent required for attempt.

### A.     Standard of Review

**{9}**     The sufficiency of the evidence is measured against the jury instructions, which "become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Arrendondo*, 2012-NMSC-013, ¶ 18, 278 P.3d 517 (internal quotation marks and citation omitted). Evidence is sufficient when substantial evidence, direct or circumstantial, "exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks omitted) (quoting *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314).

**{10}**     When considering the sufficiency of the evidence, this Court "does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Graham*, 2005-NMSC-004, ¶ 13, 137 N.M. 197, 109 P.3d 285 (internal quotation marks and citation omitted). Instead, "We view the evidence as a whole and indulge all reasonable inferences in favor of the jury's verdict," *id.*, while at the same time asking whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *id.* ¶ 7 (internal quotation marks and citation omitted).

### B.     Sufficient Evidence Supported the First-Degree Deliberate Murder Conviction

**{11}**     The parties agree Defendant killed Victim. However, Defendant contends that the State did not meet its burden to prove deliberate intent beyond a reasonable doubt, as required for first-degree willful-and-deliberate murder. Defendant argues killing Victim was rash and impulsive, stating that his decisions were made in a short amount of time. Further, he argues he was unable to form deliberate intent because his use of methamphetamine at some point during the day amounted to voluntary intoxication.

**{12}**     Murder in the first-degree consists of "the killing of one human being by another without lawful justification or excuse . . . by any kind of willful, deliberate, and premeditated killing." Section 30-2-1(A)(1). Requisite deliberation and premeditation for

first-degree murder means that a defendant's conduct must have been "arrived at or determined upon as a result of careful thought and the weighing of the consideration for and against the proposed course of action." *State v. Cunningham*, 2000-NMSC-009, ¶ 25, 128 N.M. 711, 998 P.2d 176 (internal quotation marks omitted) (quoting UJI 14-201 NMRA).

**{13}** The jury instruction stated the State must prove beyond a reasonable doubt that Defendant killed Victim with "the deliberate intention to take away [Victim's] life." The jury instruction further stated that "deliberate" means the "result of careful thought and the weighing of the consideration for and against the proposed course of action. . . . To constitute a deliberate killing, the slayer must weigh and consider the question of killing and his reasons for and against such a choice." Additionally, the jury instruction stated "[a] mere unconsidered and rash impulse, even though it includes an intent to kill, is not a deliberate intention to kill." The jury was also instructed on second-degree murder as a lesser included offense.

**{14}** Defendant is correct in asserting that if the State fails to prove deliberate intent, the appropriate charge would be second-degree murder. *See State v. Adonis*, 2008-NMSC-059, ¶ 16, 145 N.M. 102, 194 P.3d 717 (holding the facts only support second-degree murder "if the State merely proves that the accused acted rashly or impulsively, rather than deliberately, and if the accused acted intentionally and without justification or provocation"); *see also Duran*, 2006-NMSC-035, ¶ 10 (explaining first-degree murder cannot be adequately supported when no evidence presented "could reasonably lead the jury to infer that the defendant had acted with deliberation rather than rashly and impulsively").

**{15}** But this Court must determine that evidence of deliberate intent is sufficient when substantial evidence, direct or circumstantial, supported a verdict of guilt. "Intent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." *State v. Sosa*, 2000-NMSC-036, ¶ 9, 129 N.M. 767, 14 P.3d 32 (internal quotation marks omitted) (quoting *State v. Vigil*, 1990-NMSC-066, 110 N.M. 254, 794 P.2d 728). Substantial evidence of deliberation can include "earlier confrontation[s] . . . or other common areas of friction leading to violence," *State v. Tafoya*, 2012-NMSC-030, ¶ 52, 285 P.3d 604; fleeing the scene, disposing of evidence, or concocting false alibis, *State v. Flores*, 2010-NMSC-002, ¶¶ 22-23, 147 N.M. 542, 226 P.3d 641 (overruled on other grounds by *State v. Martinez*, 2021-NMSC-002, ¶ 87, 478 P.3d 880); or firing the fatal shot after the victim was incapacitated and defenseless, *Cunningham*, 2000-NMSC-009, ¶ 28.

**{16}** A reasonable jury could have found beyond a reasonable doubt that Defendant had the necessary deliberate intent to kill Victim. The State presented substantial evidence through the various interactions between Defendant and Victim on the surveillance footage that Defendant had little or no money; learned Victim would be alone at the store for an hour; crafted a plan to rob the store, which included killing Victim; gathered items from the store he would like; waited for other customers to leave; ignored Victim's repeated requests that he produce money; retreated to his truck to

retrieve his gun to execute his plan; reentered the store; and immediately approached the register, aimed a gun at Victim, and attempted to fire to deliberately end her life.

**{17}** Additionally, not only may Defendant's acts before and during the crime provide evidence of intent, but "[e]vidence of flight" or "an attempt to deceive the police" may prove consciousness of guilt. *State v. Martinez*, 1999-NMSC-018, ¶¶ 29-30, 127 N.M. 207, 979 P.2d 718 (internal quotation marks and citations omitted). Here, the jury was presented with evidence that, after fatally shooting Victim, Defendant changed his clothing, concealed his truck, stole a vehicle, and fabricated a story for police regarding his whereabouts, as well as the type of truck he owned and the location of the truck.

**{18}** To the extent Defendant argues the evidence in his case is only sufficient to find a rash and impulsive killing occurred or his alleged voluntary intoxication negated any deliberate intent, we do not consider such claims when determining the sufficiency of the evidence. We have stated in a review of the sufficiency of the evidence "[w]e do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Graham*, 2005-NMSC-004, ¶ 13. Further, we have held "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [a d]efendant's version of the facts." *Duran*, 2006-NMSC-035, ¶ 5 (internal quotation marks and citation omitted). As a result, our sufficiency review weighs only the evidence supporting Defendant's plan to kill Victim and rob the store. However, we note that with regard to his voluntary intoxication, the evidence is limited to a toxicology report, observations of red eyes, and drug paraphernalia and a substance consistent with methamphetamine found on Defendant at the time of his arrest. Furthermore, Defendant seemingly referred to his intoxication for the first time in closing arguments and did not request a jury instruction on voluntary intoxication. As a result, the jury would have been justified in reasoning from the evidence that Defendant formed the requisite deliberate intent and is guilty of first-degree willful-and-deliberate murder.

## C.    Attempted Armed Robbery

**{19}** Defendant contends the State failed to prove attempted armed robbery. Defendant seems to imply the State did not prove he committed a requisite overt act because it did not present evidence that he took or attempted to take anything from Victim or the store or that he made any demands. Defendant also similarly suggests his alleged voluntary intoxication negated any necessary intent. We do not agree.

**{20}** "Attempt to commit a felony consists of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission." Section 30-28-1. The jury instruction required the jury to find Defendant "intended to commit the crime of armed robbery" and "began to do an act which constituted a substantial part of the armed robbery but failed to commit the armed robbery."

**{21}** The Court of Appeals has previously affirmed a conviction of attempted armed robbery in which a co-conspirator pulled a gun on the manager of a liquor store and lounge. *State v. Paul*, 1972-NMCA-043, ¶ 2, 83 N.M. 619, 495 P.2d 797. In that case,

the co-conspirator ordered the manager to get down but was startled by a witness and as a result made no demands for money or goods before he fled. *Paul*, 1972-NMCA-043, ¶¶ 2, 6-7. The Court of Appeals found substantial evidence under those facts to support the verdict in light of its duty to view the evidence and "all reasonable inferences that flow therefrom in the light most favorable to [the jury's] verdict." *Id.* ¶ 7.

**{22}** Here, Defendant brought multiple items to the counter at the convenience store and continually failed to pay before pulling out his gun and aiming directly at Victim. After Defendant shot Victim, she cried out for her boss by name. Despite the lack of demands, a reasonable jury would be justified in reasoning from this evidence that Defendant intended to rob Victim or the store and began to do so when he pointed his gun at Victim, but was startled by her cries for help before he fled.

**{23}** As discussed previously, to the extent Defendant argues his alleged voluntary intoxication negated any specific intent, we do not consider such claims when determining the sufficiency of the evidence. To do so would be to search for an inference supporting a contrary verdict or to reweigh the evidence. We decline to go beyond our sufficiency review of the evidence supporting Defendant's conviction of attempted armed robbery. Therefore, we conclude the evidence supporting the jury's verdict for attempted armed robbery was sufficient.

## IV.    CONCLUSION

**{24}** For the reasons stated herein, we affirm Defendant's convictions of both first-degree murder and attempted armed robbery.

**{25}    IT IS SO ORDERED.**

**C. SHANNON BACON, Justice**

**WE CONCUR:**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**